Emma Muenster ZIMMERMAN, Appellant,

v.

Joseph ZIMMERMAN, Appellee.

No. 13802.

Court of Civil Appeals of Texas.

San Antonio.

June 14, 1961.

Oliver & Oliver, San Antonio, for appellant.

Schweppe, Schweppe & Allison, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a divorce suit filed on August 8, 1960, by Joseph Zimmerman against Emma Muenster Zimmerman. The divorce was granted upon the ground that defendant's cruel treatment of plaintiff rendered their further living together as husband and wife insupportable. Emma Muenster Zimmerman has prosecuted this appeal.

■ Appellant first contends that the facts proved did not conform to the allegations contained in appellee's petition. We overrule this contention. Appellant does not show that she filed and presented any exception to appellee's petition, or objected to any of the evidence on the ground that it was not supported by the pleadings. Under such circumstances she waived any deficiencies in the pleadings. Rules 45, 66 and 67, Texas Rules of Civil Procedure.

■ Appellant next contends that the acts of cruelty shown by the testimony were not such as would render their further living together insupportable. We overrule this contention. The evidence shows that appellee was a man seventy-eight years of age, and appellant a woman seventy-four years of age. They were married for a period of some eighteen months and during that time they separated four times. Both had been previously married and had grown children by their respective previous marriages.

Their first quarrel occurred on the day of their marriage when appellant became enraged at him for slamming a door. Another incident arose when they went to California to visit appellant's married daughter. At that time, among other things, she slapped him in the face and accused him of stealing $100 from her. He denied any stealing, but she continued to accuse him. On the occasion of their first separation, she cursed him. Appellee testified:

"She called me a son-of-a-bitch and a bastard, and one thing and another like that; called me a dumb ox. And at that time she punched me in the stomach. So I just took my hands and I caught both hands of her wrist and held her back. She would always come at me with her hands just like this at my throat (illustrating). So I was strong enough to hold her back. I never did touch her or anything like that."

Appellee testified further, that on the occasion of their second separation appellant told him she had another man, named Gettysburg, who wanted to marry her, and could give her a better living than appellee could. Appellant would fuss at him because he had five children by his first marriage, and she resented his children. It is true that after each separation, except the last one, they became reconciled and undertook to live together as husband and wife.

Appellee further testified that the treatment he received at the hands of appellant caused his blood pressure to go up and required him to seek medical attention, and that under all the circumstances he could not further live with appellant as her husband. Appellee denied some, and explained the other acts charged against her. The trial judge who heard all of the testimony granted the divorce. In doing so he did not abuse his discretion. The evidence was full and satisfactory. Dirks v. Dirks, Tex.Civ.App., 302 S.W.2d 471; Milligan v. Milligan, Tex.Civ.App., 282 S.W.2d 127; Hogue v. Hogue, Tex.Civ.App., 242 S.W. 2d 673; Moon v. Moon, Tex.Civ.App., 186 S.W.2d 362.

The judgment is affirmed.