Basil Ray **WILLIS** et al., Appellants,

v.

Gabina **CONTRERAS** et al., Appellees.

No. 16288.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 21, 1974.

Rehearing Denied April 18, 1974.

Gardner S. Kendrick, Houston (Clemens, Weiss, Spencer & Welmaker, San Antonio, counsel), for appellant Robert Hershel Long.

Wiley, Plunkett, Gibson & Allen, Lewin Plunkett, San Antonio, for appellant Basil Ray Willis.

Byrd, Davis, Eisenberg & Clark, Don L. Davis, Austin, for appellee.

EVANS, Justice.

In this venue matter, appellants, Basil Ray Willis and Robert Long, appeal from a denial of their respective pleas of privilege seeking transfer to Caldwell County, Texas, where they reside. Appellees, Gabina Contreras, Individually and as Administratrix of the Estate of Matt Contreras, Deceased, and W. O. Sipes, d/b/a Sipes Oil Field Service, brought this suit for damages under Article 5525, the Texas Survival Act and Article 4671, the Texas Wrongful Death Act, for the death of Matt Contreras caused by a pipeline fire when a bulldozer operated by the decedent for the appellee Sipes ruptured a gas pipeline during the digging of a fresh water pit. Appellees alleged that defendant, Texas-New Mexico Pipeline Company, was the owner of the 12-inch pipeline and easement and that defendant, Oil, Gas & Minerals Development Corporation, owned the leasehold estate upon which the incident occurred and had control and direction of exploration, drilling and production operations thereon through the defendants, Ladson Operating Company, Inc. and Willis and Long. Texas-New Mexico Pipeline Company filed cross-action seeking indemnity and alternatively contribution from the other defendants for the value of the oil lost and the cost of replacing the damaged pipeline.

Appellees asserted in their controverting affidavits that they had a bona fide claim against Texas-New Mexico Pipeline Company, a resident of Harris County, Texas and that Long and Willis were proper parties to the suit under Subdiv. 4, Article 1995, V.A.C.S. It was stipulated that Texas-New Mexico Pipeline Company, was a resident of Harris County, Texas.

Appellants Long and Willis contend that appellees failed to plead and prove a cause of action against the resident defendant, Texas-New Mexico Pipeline Company, and therefore failed to maintain venue in Harris County as to the appellants under Subdivision 4, Art. 1995, V.A.C.S. Appellant Long further contends that appellees failed to plead a cause of action against him.

Appellants' original petition alleged that defendant, Oil, Gas & Minerals Development Corporation, upon acquiring the lease in question "became the occupier of those premises for oil and gas exploration, drilling and production purposes with attendant rights and duties involved in the use of the surface"; that said defendant had com-

menced a drilling program on the lease which "was being directed and performed by the defendants, Ladson Operating Company, Inc., Basil Ray Willis and Robert Hershel Long," and that at all relevant times said defendant "was in control of the premises and had the legal right to control operations thereon, and actively did control, oversee and direct those operations through defendants, Ladson Operating Company, Inc., Basil Ray Willis and Robert Hershel Long." It further alleged that defendant, Texas-New Mexico Pipeline Company had purchased an easement and constructed an underground pipeline through the lease and under the terms of its easement "was responsible for the proper maintenance, care and designation of the pipeline's location upon the surface of the ground." Appellees further alleged that during the initial stages of the drilling program Sipes was hired to do various bulldozer work on the premises and that the decedent Contreras was in the process of digging a fresh water pit at a location designated by Willis and Long when the blade of the bulldozer struck and ruptured the pipeline as a result of which crude oil escaped and caught on fire causing the death of Contreras and the destruction of the bulldozer. Appellees further asserted that such injury and destruction was proximately caused by the negligence of all defendants; that said defendants "were guilty of many acts of negligence each of which was the proximate cause" of such injury and destruction and asserted that damages had been sustained by appellees in some amount unspecified except that such damages would exceed the minimum jurisdictional requirements of the court.

In McDonald, Texas Civil Practice, Rev.1970, Vol. 2, Sec. 6.16.12 at pp. 112–113, it is stated:

" . . . In a suit grounded upon negligence, it is sufficient to state the acts or omissions alleged to constitute the breach of duty, to characterize them as negligent, and to allege that as a proximate result certain injuries followed. The allegations must show a breach of the defendant's duty to the plaintiff, and hence a petition which describes acts or omissions of the defendant, but fails to allege circumstances that would disclose a breach of duty, is insufficient. . . .

" . . . But a petition which shows a relationship between the plaintiff and the defendant imposing upon the latter a duty to exercise ordinary care, and which states, without elaboration, that the defendant negligently acted or failed to act, breaching such duty, and that such negligence proximately caused damages, states a 'cause of action'. This short form of pleading on special exception obviously may be deemed insufficient to give fair notice; but it nevertheless alleges a 'cause of action'."

We believe this statement applicable to the case at bar. Appellants made no objection to appellees' pleadings or to the evidence offered by the appellees on the venue hearing. Any deficiency in the pleading was therefore waived and the pertinent venue issues are deemed to have been tried by consent. Rule 67, Texas Rules of Civil Procedure; Darr Equipment Company v. Owens, 408 S.W.2d 566 (Tex. Civ.App.—Texarkana 1966, n.w.h.).

The principal question before us is whether appellants proved a cause of action against the resident defendant under Subdiv. 4, Art. 1995, Texas Revised Civil Statutes. Appellants contend the evidence establishes, as a matter of law, that the pipeline company owed no duty to the decedent. Appellants assert that Mr. Contreras' act in constructing a fresh water pit with his bulldozer constituted an unusual or extraordinary use of the surface, and that it was therefore his responsibility to avoid striking the pipeline or to make reasonable inquiry as to the location of the line. Appellant cites Pioneer Natural Gas Company v. K. & M. Paving Company, 374 S.W.2d 214, 219 (Tex.Sup.1963), involving an excavation along an urban street; and

Phillips Pipe Line Company v. Razo, 420 S.W.2d 691 (Tex.Sup.1967), where a bulldozer, which had become mired on a little used rural road, struck a Phillips pipe line while being extricated from the mud. The Supreme Court held there was no evidence to support the jury's finding that the movement of a 50,000 pound dragline and a 40,000 pound bulldozer over such road was not an extraordinary use of the surface.

The evidence in the case before us indicates that the fresh water pit was being excavated on a general rolling slope near a creek bed which ran through the leasehold. This portion of the leasehold was relatively open and apparently was not overgrown with brush. There was some cultivation about a half mile south of the pipeline and the remainder of the land was being used to graze cattle. To the north is a dirt stock tank. The evidence further established that the pipeline was generally straight through the lease and was marked by signs and painted fence posts. However, at the particular point of rupture, there was an unmarked angular curvature in the line which could not be ascertained on the ground. There was no evidence as to any awareness which Mr. Contreras or his employer had with respect to the location of the pipeline or its markings. The testimony showed that the pipeline was 18 inches deep at the location where it was struck by the bulldozer. No findings of fact or conclusions of law were made or requested of the trial court.

In South Texas Natural Gas Gathering Co. v. Guerra, 469 S.W.2d 899 (Tex.Civ. App.—Corpus Christi 1971, writ ref. n.r.e.), the plaintiff Guerra was injured when a bulldozer struck a gas transmission line while excavating a cattle tank near the main ranch road on a south Texas ranch. The court held that the evidence was sufficient to support the jury's finding that the excavation of the cattle tank was not an extraordinary use of the surface and that it could not say, as a matter of law, that such use was an extraordinary use.

■ While the evidence in the record before us is not as detailed as that discussed in the Guerra case, we believe it sufficiently establishes the nature of the land as general pasture land suitable for grazing cattle. As in the Guerra case we cannot say as a matter of law that the excavation of a fresh water tank constituted an extraordinary use of the premises.

■ There is an additional basis upon which the judgment of the trial court may be sustained. In this case, the question is not so much whether there was a duty to mark the location of the pipeline, as was the case in the authorities cited by appellants, but whether the location of the line was marked in such manner as to mislead appellees as to its true location. As stated by the court in the Guerra case (page 910):

> ". . . The jury could also have given weight to the fact that, at a comparatively short distance from the scene of the accident, appellant's pipeline did not run in a straight line as called for by the easement and believed that ordinary care would require markers or warning signs to enable persons working in the area to locate the underground line."

Having affirmatively assumed the responsibility of marking the line, the failure of the resident defendant to mark its location at the point of the angular curvature could only tend to mislead a person attempting to ascertain its location on the ground. See Harding v. Sinclair Pipeline Company, 480 S.W.2d 786 (Tex.Civ.App. —Houston, 14th, 1972, writ ref. n.r.e.). Under the circumstances, and in the absence of findings or request for findings, we must conclude that the trial court found a duty owing on the part of the resident defendant to appellees which it breached by its failure to designate the location of the pipeline at the point of the accident.

■ While the petition does not detail the particulars of the alleged negligent

acts, we believe it does sufficiently allege that the defendants' negligent acts united to produce a "single and indivisible injury" which would not have occurred except for the concurrence of their acts. See McDonald, Texas Civil Practice, rev. 1965, Vol. I, Sec. 4.10.2, p. 437; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936). Accordingly, we find that the petition asserts a cause of action against the appellants which "entangles him in the controversy" between appellees and the resident defendant and that appellants are proper parties to the action under Subdivision 4, Art. 1995, V.A.C.S.; McDonald, Texas Civil Practice, supra, at p. 436.

We overrule the first two points of error of appellant Willis and the first three points of error of appellant Long.

Appellants further assert that the trial court erred in overruling their respective pleas of privilege to the cross-action of the resident defendant, Texas-New Mexico Pipeline Company. Appellants argue, in addition to their contentions as to failure to plead and prove a cause of action against the resident defendant, that the cross-plaintiff failed to establish venue against the appellants in Harris County.

In its cross-action Texas-New Mexico Pipeline Company alleges that Oil, Gas & Minerals Development Corporation became the operator of the leased premises for oil and gas exploration, drilling and production purposes with attendant right to use the surface; that said corporation had commenced a drilling program on the premises and in connection therewith had engaged the services of its controlled subsidiary Ladson Operating Company, Inc. and of Basil Ray Willis and Robert Hershel Long who in turn had engaged the services of other drilling contractors, including the appellee W. D. Sipes, d/b/a Sipes Oil Field Service Company; that at all relevant times said cross-defendants were in control of the premises and the operations thereon and that they either knew or should have known of the route and location of such pipeline and that said cross-defendants breached the duty they owed to the decedent, Matt Contreras, in permitting, without due inspection or inquiry, the digging of said fresh water pit directly over said pipeline and in failing to warn appellees of the location of such pipeline. The cross-action further asserts that because of "the occurrence made the basis of this suit" the cross-plaintiff is entitled to indemnity from said cross-defendants, or alternatively, for contribution from said cross-defendants as provided by Article 2212, V.A.C.S. Said cross-action further asserts that by reason of the occurrence cross-plaintiff suffered damages in the amount of $37,697.89 representing the value of the crude oil lost and replacement of the pipeline which was damaged as a result of the accident.

The determination of these points depends upon whether the resident defendant's cross-action is severable and distinct from the action asserted by the appellees against the other defendants. In McDonald, Texas Civil Practice, rev. 1965, Vol. I, Sec. 4.39, p. 565, it is said:

"Where the cross-claim has the same primary purpose, arises out of the same transaction, and involves the same issues of law and fact as the plaintiff's claim to be determined on the same evidence, and the plaintiff's action is properly maintainable in the county of suit, the policy of avoiding a multiplicity of suits has been invoked on occasion to defeat a plea of privilege directed to such cross-claim."

We are of the opinion that the allegations contained in the cross-action in this case show an interrelation of the issues between the claims asserted in the appellees' petition and the claims asserted in the cross-action. Having determined that venue is properly maintainable against the resident defendant, we find that venue may also be maintained on the cross-action and that appellant's pleas of privilege to the

cross-action were properly denied. Kirksey v. Warren, 348 S.W.2d 33 (Tex.Civ. App.—Dallas 1961, n.w.h.); see also authorities collated in 100 A.L.R.2d 693, 716, Sec. 11; Jefferson Chemical Company v. Forney Engineering Company, 466 S.W.2d 361 (Tex.Civ.App.—Houston 1971, writ dism'd).

Appellants' points asserting error of the trial court in denying their respective pleas of privilege to the resident defendant's cross-action are overruled.

The judgment of the trial court is affirmed.