**Alfred D. PRUSKE, Sr., Appellant,**

v.

**Penelope P. PRUSKE, Appellee.**

**No. 12995.**

Court of Civil Appeals of Texas, Austin.

Rehearing Denied June 25, 1980.

Second Motion for Rehearing Overruled July 16, 1980.

Van G. Hilley, Gary D. Howard, Goodstein & Semaan, San Antonio, for appellant.

James R. Bass, Van H. Johnson, John G. McGarr, Jr., Law Offices of James R. Bass, Inc., San Antonio, for appellee.

## ON MOTION FOR REHEARING

PHILLIPS, Chief Justice.

The opinion of this Court filed on November 14, 1979, is withdrawn, and the following opinion replaces it. After our original opinion was filed, we deemed it necessary to allow appellant the opportunity to file a supplemental statement of facts consisting of testimony from a hearing on temporary orders which the parties had stipulated could be considered by the trial court in rendering its judgment. A full statement of facts is now before us.

This is an appeal from a judgment granting a divorce to the parties and making a division of their community estate. The parties were married on March 29, 1974; the final judgment granting the divorce and dividing the property was entered on May 3, 1978.

Trial was to the court which awarded the appellee wife a $40,000 equitable lien against the separate real property of appellant husband. The remaining property was divided equally.

We reform the trial court's judgment as hereinafter indicated, and as reformed, it is affirmed.

Appellant is before this Court on four points of error. The first three points are grouped together and complain that the trial court erred in awarding appellee the equitable lien. The fourth point complains that the trial court abused its discretion in dividing the community estate.

The parties owned no community real property. The appellant did, however, own several parcels of real estate which he acquired before his marriage to appellee. The trial court found that improvements were made to appellant's separate real estate during the marriage and that said improvements were made with community funds. The court then awarded appellee a $40,000 equitable lien against appellant's real property.

It is not clear how the court arrived at the $40,000 figure. The court did find in its findings of fact and conclusions of law that community funds and labor were the basis for improvements to appellant's separate property as follows:

1. Property located at 314 E. Nakoma, San Antonio, Texas, more commonly known as the B.C.I. Complex—$36,103.33;

2. Property located at 31722 Bulverde Road, Comal County, Texas—$21,537.70;

3. Improvements made to the Bulverde Road property from insurance proceeds which had been comingled to such an extent that said proceeds were community property—$20,000. Apparently, the trial court awarded the $40,000 equitable lien because it represents approximately one-half (½) of $77,641.03, the total of the above figures.

In reaching a decision in this case it will be necessary to break down the trial court's

figures, because the court included the costs of improving the separate real estate along with community funds which were spent to reduce the indebtedness on appellant's separate property. It is not disputed by appellant that $11,103.33 of the community estate was used to reduce the indebtedness on the B.C.I. Complex property, a part of appellant's separate property. Since the trial court found that the total expenditures on the B.C.I. Complex were $36,103.33, it apparently found that $25,000 of the community estate was spent on improving that property.

Appellant's points of error are directed toward the trial court's award of reimbursement in terms of both the improvements and the expenditures to reduce the indebtedness. We shall thus consider these issues separately. We also review the court's award as to the two properties separately.

■ We first consider the community expenditures of $11,103.33, which were used to reduce appellant's separate indebtedness on the B.C.I. Complex. Appellant asserts that appellee is not entitled to reimbursement of her share of this community expenditure in the absence of pleadings and proof that the expenditures by the community exceeded the benefits received by the community. Although there is authority to the contrary, *Klein v. Klein*, 370 S.W.2d 769 (Tex.Civ. App.—Eastland 1963, no writ), we believe that the better rule is to allow reimbursement for Mrs. Pruske's share of the community funds so expended without requiring proof that the expenditures exceeded the benefits received by the community. In the *Klein* case, *supra*, the court, on Motion for Rehearing, held that reimbursement was not required where community funds were expended to discharge a purchase money debt on separate property in the absence of

proof that the expenditures by the community were greater than the benefits received.

More recent authority has held that the community is entitled to reimbursement regardless of enhancement of value or benefits received. *Bazile v. Bazile*, 465 S.W.2d 181 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd); *Poulter v. Poulter*, 565 S.W.2d 107 (Tex.Civ.App.—Tyler 1978, no writ); *Looney v. Looney*, 541 S.W.2d 877 (Tex.Civ.App.—Beaumont 1976, no writ); 3 Simpkins, *Texas Family Law* § 22:38 (Speer's, 5th Ed.) (1976) at page 5603. This rule is more logical since, as in the case at bar, the rental income from Mr. Pruske's separate real property was community property, and would have remained so whether the debt was reduced by separate or community funds. Mrs. Pruske was absolutely entitled to her share of the rental income, and her right to reimbursement should not require a balancing of equities.[1]

Next, we examine appellant's assertion that the trial court's award as to improvements placed upon the B.C.I. Complex was erroneous. Appellant argues that there was no evidence of enhancement in value to the property, and that the court erroneously based the reimbursement to the community estate upon the cost of improvements rather than on the lesser of cost of improvements or enhancement in value.

■ Appellee has asserted that the improvements to the B.C.I. Complex had a value of $25,000, although appellant made the improvements himself and testified that the actual cost of the improvements was $11,481.37.[2] It is immaterial to the decision in this case which figure is used, since, as we discuss below, appellee is limited to the recovery of the lower figure.

1. This concept is distinguished from the right to reimbursement where community funds are expended for improvements to a spouse's separate property, discussed later in this opinion, where the measure of recovery is limited to the amount of enhancement in value of the separate property. The basis for this rule is that although the spouse owning the separate property has benefited from the community expend-

itures, he has benefited only inasmuch as his property has been enhanced in value.

2. This figure of $11,481.37 represents improvements placed upon the B.C.I. Complex and is in no way related to the $11,103.33 which constitutes community expenditures which decreased appellant's separate debts.

Appellant asserts that the trial court erred in awarding reimbursement because there was no evidence of enhancement in value of the B.C.I. Complex. The pertinent rule was stated in *Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620 (1935), wherein the Supreme Court held that the community estate must be reimbursed for the costs of improvements placed upon the separate property of one of the spouses, but that the amount of recovery is limited to the amount of enhancement of the property. *Girard v. Girard*, 521 S.W.2d 714 (Tex.Civ.App.— Houston [1st Dist.] 1975, no writ). The Supreme Court has further held that a spouse cannot recover without pleadings and proof of the amount of enhancement of the separate property. *Burton v. Bell*, 380 S.W.2d 561 (Tex.1964).

▮ We hold that although appellee did not specifically plead for reimbursement, appellant waived any right to complain on appeal by failing to object to the evidence offered at trial material to improvements made on appellant's property. Thus, the issue was tried by consent. *Zimmerman v. Zimmerman*, 348 S.W.2d 239 (Tex.Civ.App. —San Antonio 1961, no writ); *Willis v. Contreras*, 508 S.W.2d 110 (Tex.Civ.App.— Houston [1st Dist.] 1974, no writ); Rule 67, Texas Rules of Civil Procedure.

Appellant himself provided the evidence of enhancement under examination by his own attorney:

"Q. . . . but my question is as what sum of money did it (the improvements upon the B.C.I. Complex) increase the value of your building by?

"A. The value actually would have been increased by what I spent."

We conclude that appellee is entitled to her community share of $11,481.37, which was the cost of improving the property, and also the amount of enhancement. *Dakan v. Dakan, supra.* The trial court's award of reimbursement based on the finding that the value of the improvements was $25,000 is erroneous, and is reformed to evidence a value of $11,481.37.

▮ With respect to the Bulverde property, appellant asserts the same points of error directed toward the B.C.I. Complex, that there was no evidence of enhancement of value and that the trial court erroneously based reimbursement upon cost of improvements rather than on enhancement. It is not necessary for us to examine the figures upon which the trial court based the award of reimbursement, for there is absolutely no evidence of enhancement in the record. *Dakan v. Dakan, supra.* Without proof of the amount of enhancement of appellant's separate property, the Bulverde property, appellee cannot recover for these expenditures. *Burton v. Bell, supra.*

▮ Before proceeding to appellant's final point of error, we shall discuss appellee's contention in her Motion for Rehearing that in affixing the $40,000 equitable lien, the trial court was merely making an equitable division of the estate of the parties, and that we should not apply the "hard and fast" rules relating to reimbursement. As we understand her argument, appellee maintains that the trial court recognized the disparity of the parties, and awarded the lien to balance the equities, and that the court's reference to community funds expended on behalf of appellant's separate property was merely to recognize the inequities supporting the award.

We disagree with appellee for the following reason. The trial court filed findings of fact in which it listed improvements funded by the community made to appellant's separate real estate. In its conclusions of law the trial court stated that the appellee had a "community interest" in appellant's separate property, and the appellee was thereupon awarded the $40,000 equitable lien, which figure did represent approximately one-half (½) of the improvements iterated in the findings of fact.

We are guided in our review by the findings of the trial court. *Park Cities Corporation v. Byrd*, 522 S.W.2d 572 (Tex.Civ. App.—Beaumont), *rev'd on other grounds*, 534 S.W.2d 668 (Tex.1976). The trial court's conclusion that the appellee acquired a "community interest" in appellant's separate realty is supported by its findings of

fact, and moreover, there is no other way that appellee could have acquired a "community interest" but by way of community expenditures on separate property. Such expenditures gave rise to a reimbursement, and the law relating to reimbursement, as stated in this opinion, is well settled in our state.

Appellant's final point of error complains that the trial court abused its discretion in dividing the community estate in that the division was not fair, just, and equitable. The rule is that the court pronouncing a decree of divorce is invested with wide discretion in dividing the estate of the parties, and its action in the exercise of such discretion should be corrected on appeal only where an abuse of discretion is shown in that the division is manifestly unjust and unfair. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Bryant v. Bryant*, 478 S.W.2d 602 (Tex.Civ.App.—Waco 1972, no writ); Tex. Family Code Ann. § 3.63 (1975). There is a presumption on appeal that the trial court correctly exercised its discretion in dividing the property, and the burden rests upon appellant to show from the record that the division was so disproportionate as to be manifestly unfair. *Law v. Law*, 517 S.W.2d 379 (Tex.Civ. App.—Austin 1975, writ dism'd).

Besides the equitable lien previously discussed, the trial court awarded appellee personal property in her possession which the court found had a value of $55.50, plus a 1975 Ford LTD and a 1972 Traveleze trailer. She was also awarded cash in her possession, including money on account in banks subject to her control. The court also found that the appellant has the ability to earn treble the amount that appellee could earn. In view of the extensive separate real property owned by appellant, we do not find that the trial court acted arbitrarily, or that there has been any abuse of discretion. Appellant's point is overruled.

Appellant has requested this Court to reverse the judgment of the trial court and render a judgment favorable to appellant. Inasmuch as the trial court's judgment was erroneous only as to the reimbursement issue, we may reform the judgment of the trial court and as reformed, affirm the judgment. We are mindful of the Supreme Court's ruling in *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976), wherein it was held that a court of civil appeals may not render specific awards of property after determining that there was an abuse of discretion. The rationale of this decision is that the matter to be decreed is a "just and right" division, which is dependent upon the discretion of the trial court. In the case at bar, the trial court erred as a matter of law in awarding reimbursement to appellee, and it is within our authority to render a judgment that the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure.

The trial court's judgment is therefore reformed by eliminating that provision affixing the $40,000 equitable lien against appellant's separate real property and awarding appellee an equitable lien against the property located at 314 E. Nakoma, San Antonio, Texas (also known as the B.C.I. Complex), in the amount of $11,292.35, which figure represents one-half (½) of the community funds spent for improvements and to reduce appellant's separate indebtedness. As reformed, the judgment is affirmed.

SMITH, J., not sitting.