Audie Leveda **GASTON**, Appellant,

v.

J. C. **GASTON**, Appellee.

No. 1337.

Court of Civil Appeals of Texas, Tyler.

Nov. 6, 1980.

Leonard Craig, Tyler, for appellant.

Charles H. Clark, Tyler, for appellee.

SUMMERS, Chief Justice.

This is an appeal from the division of property upon divorce. Audie and J. C. Gaston were married on December 19, 1934, and continued to live together until February 1976 at which time they separated. Later, on January 9, 1978, Mrs. Gaston sued for divorce and a property division. There were children born of the union of the two parties but, all being emancipated at the time of the divorce, they are not immediately involved.

Trial was to the court without a jury. The court held hearings on the divorce and the property division; judgment was entered dissolving the forty–four–year marriage and dividing the property, from which petitioner wife brings this appeal.

We affirm.

■ Appellant alleges that the division of the community estate made by the trial court was an abuse of discretion. Tex. Fam. Code Ann. § 3.63 (Vernon 1975). In support of this claim, she raises three points of error. By her first point, appellant seeks to attack the trial court's judgment for its failure to award her half of the funds on deposit in various accounts of the parties at the time of their separation in early 1976. At that time, the parties maintained a savings account and joint checking account at the First National Bank of Gilmer, savings accounts with the Texas Highway Department Employees' Credit Union, and a checking account in the wife's name at the First National Bank in Gilmer. The initial

findings of fact and conclusions of law filed by the trial court neglected to mention any of these accounts. Thereafter, appellant filed a request for additional conclusions of law [1] and the trial judge responded that all savings accounts were community property but made no reference to the checking accounts. At the trial level appellant lodged an objection to this additional conclusion, however no complaint is made on appeal of the trial court's failure to prepare and file findings or conclusions regarding the checking accounts. In that state of the record, the judgment of the trial court should be affirmed on any legal theory that has support in the evidence, *Manning v. King*, 514 S.W.2d 899 (Tex.1974); *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962), and we must presume that every fact issue and such implied findings relative to the checking accounts as were necessary were found by the trial court in support of the judgment rendered. *Rosenthal v. Leaseway of Texas, Inc.*, 544 S.W.2d 180, 183 (Tex.Civ. App.–Tyler 1976, no writ); *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968). We must therefore look to the statement of facts in determining whether the court abused its discretion in the property division.

■ The funds contained in these accounts were presumptively community property. Property acquired by spouses during and on dissolution of marriage is presumed to be impressed with community status and the burden is on the party asserting otherwise to overcome such presumption by clear and satisfactory evidence. *Poulter v. Poulter*, 565 S.W.2d 107, 110 (Tex.Civ.App.–Tyler 1978, no writ); *Wilson v. Wilson*, 145 Tex. 607, 201 S.W.2d 226 (1947); *Tarver v. Tarver*, 378 S.W.2d 381, 387 (Tex.Civ.App.–Texarkana 1964) aff'd, 394 S.W.2d 780; Tex. Fam. Code Ann. § 5.02 (Vernon 1975).

Appellant wife did not plead and does not allege on appeal fraudulent disposition of these community assets or fraudulent

---

1. Appellant's request was worded as follows:

"1. Which checking accounts and/or savings accounts constituted community property of the parties?"

concealment of the funds deposited in these accounts, nor did she pray for an accounting. From the record below, it appears that at the time of the divorce action all funds in these accounts had been exhausted with the possible exception of a small amount of cash remaining in the joint checking account. During the period of separation no attempt was made by either party to freeze any of the accounts and neither party kept accurate record of expenditures or disposition of the funds. At hearings on the property division, neither party clearly proved how or where these presumptively community funds were applied. Appellee husband testified that he had spent a large part of the money for his support and maintenance, in keeping up the home, operating the farm and in repairing extensive damage to his truck. Not having kept account of his spendings during the two–year separation, he was unable, however, to relate exactly where the money had gone. Likewise, the wife was unable to cut this gordian knot, yet on appeal, she seems to allege that merely by virtue of there being funds on hand at the time she left her husband which were dissipated at the time of trial, she was entitled to one half of the amount existing at the time of her departure. We disagree.

In his findings of fact and conclusions of law, the trial judge found that the farm upon which the parties' home was built was the husband's separate property. The husband testified that part of the community funds had been expended on improvements to this separate estate; however, the wife did not plead this potential right to reimbursement in the lower court nor does she assert such a right before this court. Since, after reading appellant's brief, appellant's first point could be liberally construed as making a possible claim for reimbursement, we feel that, in accordance with our supreme court's directive in *Fambough v. Wagley*, 169 S.W.2d 478 (Tex.1943), we should at least address the question.

■ Clearly, proof adduced at trial was woefully insufficient to trace these community funds into the improvement of the husband's separate estate. It must there-

fore be presumed, in support of the judgment, that Mrs. Gaston is not entitled to reimbursement. *Wilkerson v. Wilkerson*, 515 S.W.2d 42, 54 (Tex.Civ.App.–Tyler 1974, no writ). Without pleading and proof of the amount of enhancement of the husband's separate property, the wife cannot recover for these community expenditures. *Burton v. Bell*, 380 S.W.2d 561, 567 (Tex. 1964); *Pruske v. Pruske*, 601 S.W.2d 746, 749 (Tex.Civ.App.–Austin 1980, writ dism'd). The burden of tracing is not overcome by the mere showing of a decrease in the community accounts. *Meshwert v. Meshwert*, 543 S.W.2d 877, 879 (Tex.Civ.App.–Beaumont 1976) *aff'd on other grounds*, 549 S.W.2d 383. We believe, under the record before the trial court, that there was sufficient evidence to justify his refusal to award Mrs. Gaston one half of the amount of funds on deposit at the time of the divorce. Appellant proved nothing more than that these funds were gone at the time of the divorce action thus leaving the court to speculation and surmise. *See, Roberson v. Roberson*, 420 S.W.2d 495, 501 (Tex.Civ. App.–Houston [14th Dist.] 1967, writ ref'd n.r.e.); *Roye v. Roye*, 531 S.W.2d 242, 244 (Tex.Civ.App.–Tyler 1975, no writ).

■ While the divorce decree and property division failed to dispose of assets which may have remained in any of the accounts, it is well settled that where a divorce decree fails to provide for a division of such community property interest, the husband and wife become tenants in common or joint owners therein with the right of partition. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex. 1970).

Appellant also complains via her third point of error that the trial court abused its discretion in not awarding her a portion of the household furniture. We disagree.

■ With reference to this point of error as well as appellant's first point, it is noted that pursuant to Section 3.63 of the Texas Family Code, the trial court was obligated to order a division of the estate of the parties in a manner that the court deemed to be just and right, having due regard for the rights of each party. *Bell v. Bell*, 513

S.W.2d 20, 22 (Tex.1974); *Kidd v. Kidd*, 584 S.W.2d 552 (Tex.Civ.App.–Tyler 1979, writ dism'd). In performing this judicial duty, it is well settled that the trial court has broad discretion in determining the disposition of property in divorce actions and this discretion will not be disturbed on appeal unless an abuse of discretion is shown. *McKnight v. McKnight*, 543 S.W.2d 863, 866 (Tex. 1976); *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W.2d 21 (1923); *Coote v. Coote*, 592 S.W.2d 52 (Tex.Civ.App.–Fort Worth 1980, writ ref'd n.r.e.). An equal division is not required. In the exercise of its discretion in dividing the property, the court may consider, among other things, the age and physical condition of the parties, comparative earning capabilities, education, probable needs for future support, and the facts which lead to the divorce. *Thomas v. Thomas*, 603 S.W.2d 356, 358 (Tex.Civ.App.–Houston [14th Dist.] 1980, no writ); *Wilkerson, supra* at 55. The court in dividing the community estate apparently took into consideration the fact that Mr. Gaston was illiterate and, due to a heart condition, had been unable to work since prior to the separation and would be unable to work in the future. Mrs. Gaston, by comparison, was healthy and able to work and was better educated. There is a presumption on appeal that the trial court properly exercised its discretion in dividing the property, and the burden rests upon appellant to show from the record that the division was so disproportionate as to be manifestly unjust. *Pruske, supra* at 750; *Garrett v. Garrett*, 534 S.W.2d 381, 382 (Tex.Civ.App.–Houston [1st Dist.] 1976, no writ). The record before us fails to reflect that the property division was so manifestly unjust as to constitute an abuse of discretion. Accordingly, appellant's points of error Nos. 1 and 3 are overruled.

Appellant's final point of error complains of the trial court's failure to order the husband to pay appellant one half of the proceeds from the sale of cattle prior to filing of divorce. We find this contention to be without merit. The evidence reveals that the husband had sold $7,000 worth of cattle during the separation which

sum he divided equally with appellant. He testified at the divorce proceeding that during the period of separation he had made an additional sale of three bulls (which were apparently all of the remaining livestock) but had not yet divided the proceeds from that sale with appellant. In fact, the court in its judgment ordered the husband to pay her "[o]ne–half (½) of the proceeds from the last sale of cattle by Respondent, which amount has not been previously turned over to petitioner." We fail to see how the foregoing action of the trial court constituted an abuse of discretion. If these proceeds have not yet been paid over to the wife, her proper remedy is enforcement of the court's order by contempt proceedings. *Ex parte Preston*, 162 Tex. 379, 347 S.W.2d 938 (1961); *Ex parte Anderson*, 541 S.W.2d 286 (Tex.Civ.App.–San Antonio 1976, no writ). Appellant's second point of error is overruled.

Accordingly, for the reasons stated hereinabove, the judgment of the trial court is affirmed.