**CARPENTER & ASSOCIATES, INC., Appellant,**

**v.**

**NATER INVESTMENTS, N.V., Appellee.**

**No. 3–86–095–CV.**

Court of Appeals of Texas, Austin.

Sept. 23, 1987.

Rehearing Denied Nov. 4, 1987.

Richard L. Crozier, Hearne, Knolle, Lewallen, Livingston & Holcomb, Austin, for appellant.

James V. Hoeffner, Alvis, Carssow & von Kreisler, Austin, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

**SHANNON, Chief Justice.**

Carpenter and Associates, Inc., a real estate brokerage firm, seeks to set aside the judgment of the district court of Travis County rendered after trial to a jury. The judgment awarded Nater Investments, N.V. $150,000 for breach of fiduciary duty. This Court will reverse the judgment and here render judgment that Nater take nothing.

Before February 1984, Nater owned more than fifteen acres located in western Travis County. Nater listed the property with Carpenter and Associates, Inc., (the brokerage firm) and, thereafter, the firm located a prospective purchaser for the acreage. The parties signed a contract to purchase the property and, at a later time, the prospective purchaser assigned its rights under the contract of purchase to James R. Carpenter, Trustee.

After the contract failed to close, Nater sued both Carpenter, Trustee, and the brokerage firm pleading, among other things, breach of contract and breach of fiduciary duty. Carpenter, Trustee, in turn, sought affirmative relief from Nater. Based upon the answers of the jury, the district court rendered judgment that Nater recover $150,000 against the brokerage firm, but that Nater take nothing from Carpenter, Trustee. The judgment further cancelled the real estate purchase contract and ordered the release of certain letters of credit which Carpenter, Trustee, had delivered as an escrow deposit.

The brokerage firm has taken a limited appeal from that part of the judgment ordering it to pay Nater $150,000.

To better understand Nater's breach of fiduciary duty theory and the district court's charge, it is necessary to summarize the contentions of the parties concerning their reasons for failure to close the contract. Carpenter, Trustee, planned to construct extensive improvements on the acreage and to achieve that purpose it was of course necessary that there be no physical or legal impediment burdening the acreage. To that end, the purchase contract provided that Nater furnish Carpenter,

Trustee, with an up-dated survey showing the status of the acreage.

The parties attempted to close the contract on June 11, 1984. At the closing, however, Carpenter, Trustee, claimed that he had not been furnished the required survey. Nater insisted, on the other hand, that it had sent the survey to Carpenter, Trustee, by way of the brokerage firm. The attempt to close failed. Instead, Nater and Carpenter, Trustee, signed a writing extending to June 14, 1984 the time during which Carpenter, Trustee, could examine the survey and determine whether the acreage was suitable for the proposed improvements.

Upon review of the up-dated survey, Carpenter, Trustee, contended that there were items shown on the survey which affected its suitability for the proposed improvements. Claiming to act pursuant to rights under the agreement, Carpenter, Trustee, terminated the contract on June 13, 1984.

Nater's cause of action against the brokerage company was not well pleaded. Nowhere in its voluminous trial pleading does Nater set out its specific complaints detailing the manner in which the brokerage company breached its fiduciary duty to Nater and how it was damaged as a result of the breach. Nevertheless, the brokerage firm did not specially except to Nater's pleading thereby forcing Nater to plead more specifically.

The judgment for $150,000 necessarily rests upon the jury's answer to special issue twenty-two which inquired:

What sum of money, if any, if paid now in cash would fairly and reasonably compensate Nater for the failure of Carpenter and Associates to inform Nater prior to the June 11, 1984 meeting that James Carpenter, Trustee, had not received the updated survey, if you have found both that it was received prior to the meeting and that Carpenter and Associates failed to inform Nater.

Answer in dollars and cents, if any.

ANSWER: $150,000.00

As this Court understands, special issue twenty-two makes three inquiries:

(1) did the brokerage firm receive the up-dated survey prior to June 11;

(2) did the brokerage firm fail to inform Nater before the June 11 meeting that Carpenter, Trustee, had not received the up-dated survey;

(3) what sum of money would fairly and reasonably compensate Nater for the brokerage firm's failure to inform Nater that Carpenter, Trustee, had not received the survey.

Special issue twenty-two is defective in several respects but the brokerage firm levelled no objections to its form and, therefore, any complaint as to the issue was waived. Tex.R.Civ.P.Ann. 279 (1977).

By four points of error, the brokerage company claims generally that there is no evidence, or alternatively, insufficient evidence, to support the rendition of judgment for Nater for $150,000. In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the jury's findings and consider only the facts and circumstances which tend to support those findings. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950). In reviewing factual sufficiency points of error, the reviewing court considers all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Under its no evidence and insufficient evidence points, the brokerage firm claims that there is no evidence that Nater suffered $150,000 in damages resulting from the brokerage firm's claimed failure to inform Nater that Carpenter, Trustee, had not received the up-dated survey. At the June 11 meeting, Carpenter, Trustee, claimed (1) that he had never seen the up-dated survey and (2) that he believed the up-dated survey disclosed serious difficulties with the suitability of the acreage. By special issue twenty-two, however, the jury determined that the brokerage firm had received the up-dated survey on May 14.

The jury also necessarily concluded under special issue twenty-two that the brokerage firm failed to inform Nater that

Carpenter, Trustee, had not received the up-dated survey. Nater's evidence was that it had sent the up-dated survey long before June 11 and that certain employees of the brokerage firm had acknowledged receipt of the up-dated survey. Yet Carpenter, Trustee, denied receiving the up-dated survey. The confusion arising from the June 11 meeting is indicative that the brokerage company had not, until that date, told Nater that it had not delivered the survey to Carpenter, Trustee.

The ultimate result of the breakdown of the June 11 meeting was that Nater "accommodated" Carpenter, Trustee, by extending the time until June 14 during which Carpenter, Trustee, could examine the up-dated survey "for any such conflict or inconsistency which would prevent the construction of ... the project...." Upon discovery of any such conflict, prior to June 14 at 10:45 a.m., Carpenter, Trustee, had the option to "terminate the contract and receive a refund of the Escrow Deposits and the Extension Deposits."

■ However, Nater has not shown, nor has this Court discovered any evidence that Carpenter, Trustee, would not have terminated the contract even absent the extension of time granted at the June 11 meeting. Even if the brokerage firm had discharged its fiduciary duty by notifying Nater that Carpenter, Trustee, had not received the updated survey, Nater points to no evidence indicating that the outcome of the transaction would have been any different. In short, there is no evidence to show that the brokerage firm's failure to notify Nater put Nater in any worse position than it already was. We sustain Carpenter & Associates' "no evidence" point.

Nater urges four cross-points complaining of the refusal of the district court to render judgment for exemplary damages in accordance with the answers of the jury to the special issues. Under the circumstances of this appeal, this Court will not consider the cross-points.

After the district court signed the judgment, the appellant brokerage firm filed a Notice of Limitation of Appeal. Appellant's notice specifically limited its appeal to

> that portion of the judgment in this cause ... that awards NATER INVESTMENTS, N.V. the sum of One Hundred Fifty Thousand and No/100 Dollars ($150,000.00) as compensation for the alleged failure of CARPENTER & ASSOCIATES, INC. to inform NATER INVESTMENTS, N.V. prior to June 11, 1984 that it had not received a certain up-dated survey.

■ If a judgment is severable, an appellant may limit his appeal to only a part thereof and when that is done the appellee may not complain by cross-point of parts of the judgment not taken up by the appellant. *Dallas Electric Supply Co. v. Branum Co.*, 143 Tex. 366, 185 S.W.2d 427 (1945). The appellant must serve the adverse party with notice of the limitation of appeal within fifteen days after the judgment is signed. Tex.R.App.P.Ann. 40(a)(4) (Supp.1987).

Nater does not challenge the sufficiency of the notice of limitation of appeal nor does it contend that it did not receive notice of appellant's intent to limit the appeal.[1] Nevertheless, Nater attempts by cross-points to attack parts of the judgment not appealed.

■ The judgment is plainly severable. Nater's cross-points relate to that part of the judgment refusing to award it exemplary damages. That part of the judgment is totally separate from that part of the judgment awarding Nater compensatory damages. *See Anderson v. Anderson*, 618 S.W.2d 927 (Tex.Civ.App.1981, writ dism'd). Because the brokerage firm limited its appeal, Nater was required to assert its complaint of the refusal of the district court to render judgment for exemplary damages in an independent appeal. The cross-points are overruled.

---

1. Nater initially attempted to pursue an independent appeal from the judgment and, to that end, it filed an appeal bond but never filed a record or its brief. Accordingly, this Court dismissed that appeal. Tex.R.App.P.Ann. 54(a), 60(a), and 74(*l*)(1) (Supp.1987).

The judgment awarding Nater $150,000 is reversed and judgment is here rendered that Nater take nothing.