Maria C. PENICK, Appellant,

v.

Robert James PENICK, Appellee.

No. A14–87–349–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 24, 1988.
Rehearing Denied April 28, 1988.

Donald W. Rogers, Jr., Houston, for appellant.

Thomas S. Burke, Edward E. Lindsay, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

Appellant's sole complaint in this appeal from a divorce decree is that the trial court erred in failing to order reimbursement to the community estate for community funds disbursed during the marriage to reduce the principal indebtedness on appellee's separate real estate. We reverse and remand.

Appellant's petition requested that the community estate be reimbursed for community funds expended for note payments on a separate property indebtedness. Prior to trial appellant and appellee entered into and signed a written stipulation concerning various real estate properties owned by appellee prior to the marriage, setting forth therein the date of purchase, the market value, the amount owed on each and the net value. Concerning that real estate, the parties agreed that "[d]uring the marriage of the parties, there was a principal reduction, paid from community funds, of $104,500.00 to the principal balance on the Respondent's [appellee's] separate real property listed in Paragraph I above." The stipulation was introduced into evidence, but the trial court did not order reimbursement of such sum to the community estate.

In response to appellant's request for findings of fact, the trial court made the following findings concerning the issue before us:

10) The separate property of Robert J. Penick was used to benefit the community estate by enhancing, improving and increasing the value of the community estate and by extinguishing the community debts.

11) The separate property of Robert J. Penick and the borrowing power it allowed, played a large part and was the foundations [sic] in his ability to build the community estate.

.    .    .    .    .

14) During the marriage of Petitioner and Respondent, there was a principal reduction of $104,500.00 to the principal balance owed on the Respondent's separate real property.

15) Over 90% of all income received by the community, during the marriage of the parties, was from the rent derived from the separate estate of the Respondent.

16) The community estate of the parties benefited from the separate estate of the Respondent by use of the depreciation of the Respondent's separate estate to reduce the community estate tax liability.

Appellant timely filed objections to Findings of Fact 10, 11, 15 and 16 as not being supported by the evidence, and as to Finding of Fact 14 she objected because it was contrary to the parties agreed stipulation that the indebtedness was paid out of community funds and contrary to the undisputed evidence. Appellant requested the judge to make "Findings of Fact consistent with the evidence" and timely called the objections and request to the court's attention, but the court denied both.

Various appellate courts have held that the trial court ordinarily has the discretion to modify or set aside a stipulation. *Uvalde County Appraisal Dist. v. F.T. Kincaid Estate,* 720 S.W.2d 678, 681 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.); *Allen v. Allen,* 704 S.W.2d 600, 605 (Tex.App.—Fort Worth 1986, no writ); *New v. First Nat'l Bank of Midland,* 476 S.W. 2d 121, 124 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.); *Thompson v. Graham,* 318 S.W.2d 102, 105 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.). Other courts have held that a stipulation is conclusive as to the facts stipulated and as to all matters necessarily included therein, *Handelman v. Handelman,* 608 S.W.2d 298, 301 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd

n.r.e.), and that a stipulation constitutes a contract between the parties and is binding upon them and the trial court. *Gulf Constr. Co. v. Self,* 676 S.W.2d 624, 630 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). We believe the latter cases properly construe the effect of a stipulation. However, even if the stipulation in this case was not binding on the trial court, there is absolutely no evidence contradicting the agreed stipulation that $104,500 in community funds were used to reduce the principal owed on appellee's various parcels of real estate. Nor does it appear from the record that the trial court made an attempt to modify or set aside the stipulation made between the parties. In this state of the record, it would have been an abuse of discretion for the trial court not to have been bound by the stipulation.

■ It seems clear, therefore, that the trial court erred in refusing to order reimbursement to the community estate for community funds expended during the marriage to reduce the *principal* on appellee's separate property. Although the cases are somewhat unclear as to the proper measurement for reimbursement of the community estate for funds paid on the principal of separate estate property, the best rule appears to be that when community funds are used as purchase money for a spouse's separate real estate, the other spouse is entitled to reimbursement for his or her share of the community funds *actually spent,* and reimbursement is not limited to the amount of enhancement of the value of the separate property. *Nelson v. Nelson,* 713 S.W.2d 146, 148 (Tex.App.—Texarkana 1986, no writ). Also, if the community funds are spent solely to pay the purchase price or to discharge encumbrances against the separate property, reimbursement should be allowed without the necessity of proof that the expenditures exceeded the benefits received by the community. *Fyffe v. Fyffe,* 670 S.W.2d 360, 361 (Tex.App.—Texarkana 1984, writ dism'd); *Cook v. Cook,* 665 S.W.2d 161, 164 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.); *Brooks v. Brooks,* 612 S.W.2d 233, 238 (Tex.Civ.App.—Waco 1981, no writ); *Pruske v. Pruske,* 601 S.W.2d 746, 748 (Tex.Civ.App.—Austin 1980, writ dism'd). *See Colden v. Alexander,* 171 S.W.2d 328, 334 (Tex.1943); *Dakan v. Dakan,* 125 Tex. 305, 83 S.W.2d 620, 628 (1935).

The *Pruske* court gives the following reasoning in adhering to the rule which we follow in this case:

This rule is more logical since, as in the case at bar, the rental income from Mr. Pruske's separate real property was community property, and would have remained so whether the debt was reduced by separate or community funds. Mrs. Pruske was absolutely entitled to her share of the rental income, and her right to reimbursement should not require a balancing of the equities.

*Pruske,* 601 S.W.2d at 748. The instant case is not one where the community funds were alleged to have been expended for the payment of interest or taxes, thus no benefit received by the community estate from the husband's separate estate should have been considered. Nor is this a case where the community estate was alleged to have provided for improvements on separate estate property, *see Anderson v. Gilliland,* 684 S.W.2d 673 (Tex.1985), or where the community estate was alleged to have provided time, talent and labor to the separate estate. *See Jensen v. Jensen,* 665 S.W.2d 107 (Tex.1984); *Vallone v. Vallone,* 644 S.W.2d 455 (Tex.1982).

The trial court has wide discretion in dividing the community estate, and that division should be corrected on appeal only when an abuse of discretion has been shown. In doing so, the trial court may consider many factors, and it is presumed that the trial court exercised its discretion properly. *Murff v. Murff,* 615 S.W.2d 696, 698–99 (Tex.1981). *See* Tex.Fam.Code Ann. § 3.63 (Vernon Supp.1988). The Amarillo court of appeals has held that in the absence of a showing that the trial court did not take the equitable right of reimbursement into account in its division of property and in pursuance of the presumption that the trial court exercised its discretion properly, a court of appeals must assume that the trial court took the right of reimbursement into consideration in its

division of property. *See In re Marriage of Read,* 634 S.W.2d 343, 347–48 (Tex.App.—Amarillo 1982, writ dism'd). *See also Purser v. Purser,* 604 S.W.2d 411, 414 (Tex.Civ.App.—Texarkana 1980, no writ); *Maben v. Maben,* 574 S.W.2d 229, 232 (Tex. Civ.App.—Fort Worth 1978, no writ). We distinguish these cases in considering the stipulation made between the parties in this case, the absence of any evidence contradicting the stipulation, and appellant's proper objection to the trial court's finding of fact concerning the stipulation. It appears that the trial court felt that it should have considered the benefits received by the community estate from the husband's separate estate in order to offset the community funds paid on the principal indebtedness of appellee's separate real property. However, as we have held above, reimbursement should be allowed in this case without the necessity of proof that the expenditures exceeded the benefits received by the community.

Thus, it appears that the issue of the right of reimbursement to the community estate for expenditures made on appellee's separate property was not properly resolved by the trial court, and the court could not have made a "just and right" division of the community estate. *See Villarreal v. Villarreal,* 618 S.W.2d 99, 101 (Tex.Civ.App.—Corpus Christi 1981, no writ). It may be that the trial court can justify its action in disregarding the stipulation and thereby disregard the community's right to reimbursement for the $104,500. However, that action cannot now be justified on the present state of the record. While reimbursement is a factor for the trial court to consider in exercising its "just and right" division power, this court cannot assume that the trial court made a proper division of the community property when it made an erroneous calculation of the reimbursement due to the community estate. On remand, the trial court must determine the right of reimbursement, if any, due to the community estate and then make a proper division of the community estate based on that finding. *See Holloway v. Holloway,* 671 S.W.2d 51, 63 (Tex.App.—

Dallas 1983, writ dism'd). *See also Jensen,* 665 S.W.2d at 110.

■ Appellee attempts to raise by cross-point an abuse of discretion by the trial court in setting child support payments. In accordance with Tex.R.App.P. 40(a)(4), appellant limited the scope of the appeal to the issue addressed above and attorney's fees awarded by the trial court but of which she does not now complain. The notice of limitation was served upon appellee's counsel, but appellee did nothing to perfect his appeal from any part of the judgment. We agree with appellant that we are without jurisdiction to consider appellee's cross-point. *See Baptist Memorial Hosp. Sys. v. Bashara,* 685 S.W.2d 352, 354 (Tex.App.—San Antonio 1984), *aff'd,* 685 S.W.2d 307 (Tex.1985).

■ Appellant suggests that in reversing this case, this court should "render judgment in Appellant's favor in the amount of $52,250.00 as against Appellee and attach equitable liens on Appellee's separate real property in this regard to assure satisfaction of judgment, including interest and costs." It is not within our discretion to render such a judgment as that discretion still rests solely with the trial court. *See Jacobs v. Jacobs,* 687 S.W. 2d 731 (Tex.1985); *McKnight v. McKnight,* 543 S.W.2d 863 (Tex.1976); Tex.Fam.Code Ann. § 3.63 (Vernon Supp.1988).

The judgment is reversed and remanded to the trial court for a determination of the proper division to be made of the community estate in the light of the $104,500 expenditure due to the community estate as reimbursement.