CV5-412.adams 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00412-CV







Bud Adams Ranches, Inc., Appellant



v.



Bruce E. Dresner, Individually and d/b/a Chisholm Oil Investments, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT 


NO. 23,568, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







PER CURIAM


 This appeal involves the terms and conditions of an agreement between a driller and
a surface owner. The surface owner, Bud Adams Ranches, Inc., owns property in Milam County
on which the driller, Bruce E. Dresner, d/b/a/ Chisholm Oil Investments, engaged in oil and gas
production. On June 7, 1985, the driller and the surface owner executed a Surface Use
Agreement governing their rights and responsibilities regarding the use of the surface estate for
oil and gas production. After executing the agreement, the surface owner sued the driller for
breach of contract damages, and attorney's fees. The driller counter-claimed, bringing a
declaratory judgment action, and sued the surface owner for breach of contract damages, and
attorney's fees. Following a trial to the court, the surface owner, by limited appeal, asserts two
points of error complaining that (1) the trial court erred when ruling as a matter of law that the
agreement precluded his damage claim arising from the driller's unreasonable use of the surface
estate and (2) the trial court abused its discretion by not ordering the driller to pay its attorney's
fees. Without perfecting an independent appeal, the driller asserts two cross-points. We conclude
that we have no jurisdiction to review the driller's cross-points, and will affirm the trial-court
judgment.



 CROSS-POINTS


 While acknowledging that he received a timely notice of limitation of appeal from
the surface owner and did not perfect a separate appeal, the driller asserts two cross-points. The
surface owner responds that, because the driller did not perfect a separate appeal, this court lacks
jurisdiction over the driller's cross-points.

 Texas Rule of Appellate Procedure 40(a)(4) is dispositive of this issue. (1) Rule
40(a)(4) provides the sole means by which an appellee's complaints may be limited on appeal. 
Donwerth v. Preston II Chrysler-Dodge, Inc., 775 S.W.2d 634, 638 (Tex. 1989). If a judgment
is severable, an appellant may limit its appeal to a part thereof; when that is done, the appellee
may not complain by cross-point of parts of the judgment not taken up by the appellant. Penick
v. Penick, 750 S.W.2d 247, 250 (Tex. App.--Houston [14th Dist.] 1988), rev'd on other grounds,
783 S.W.2d 194 (Tex. 1988); Carpenter & Assoc. v. Nater Investments, 738 S.W.2d 351, 354
(Tex. App.--Austin 1987, writ denied).

 The judgment here is severable. The surface owner timely limited its appeal to the
trial court's denial of its claim for attorney's fees through the conclusion of trial and the court's
denial of presenting evidence on what it claims was a properly asserted common-law cause of
action for unreasonable use of the surface estate. These particular parts of the judgment are
severable from the part of the judgment denying the driller's claim for attorney's fees incurred
through trial. In accordance with Rule 40(a)(4), the surface owner properly limited its appeal. 
Consequently, the driller was required to perfect a separate appeal in order to assert its appellate
complaint. We overrule the driller's cross-points as we are without jurisdiction to consider them. 



UNREASONABLE USE OF THE SURFACE ESTATE


 By point of error two, the surface owner contends that the trial court erred by
denying its claim of $5,130 for crop damages from 1986 to 1993 due to the driller's unreasonable
use of the surface estate. The driller responds that the surface owner failed to plead this common-law cause of action for damages, the court properly did not consider this claim, and properly did
not allow the surface owner to present evidence on this claim. 

 During opening arguments, the surface owner discussed the many aspects of the
agreement. The surface owner then referred to a common-law claim for unreasonable use of the
surface. The driller objected, telling the court that, while the petition noticed him about a breach
of contract claim, this was the first that he had heard of a common-law cause of action. The trial
court ruled that the agreement governed the parties' conduct from June 7, 1985 through 1993 and
that the surface owner had not properly asserted a common-law claim of unreasonable use of the
surface estate. 

 Texas Rules of Civil Procedure 45 and 47 require that a pleading give fair notice
of the claim asserted. Rule 47 requires that an original pleading include a short statement of the
cause of action sufficient to give fair notice of the claim involved. The purpose of the fair notice
requirement is to provide the opposing party with sufficient information to enable him to prepare
a defense. Paramount Pipe & Supply Co. v. Muhr, 749 S.W.2d 491, 494 (Tex. 1988) (citing
Roark v. Allen, 633 S.W.2d 804, 810 (Tex. 1982)). 

 The surface owner's petition contended that the driller "committed [eight],
continuing, and material defaults under the terms of the agreement." Section 13 of the agreement
provided a schedule of the amounts the driller is to pay the surface owner for any damages and
loss. The surface owner's petition makes no mention of a common-law cause of action for
unreasonable use of the surface. The trial court correctly determined that the only claims asserted
by the surface owner in the petition arose from a breach of the agreement and, consequently, any
resulting damage amounts were also governed by the agreement. We overrule the surface owner's
second point of error. 



ATTORNEY'S FEES


 By point of error one, the surface owner contends that the trial court abused its
discretion by failing to award it $5,000 in attorney's fees incurred through trial. (2) The surface
owner argues that because it prevailed on its breach of contract claims and there exists
uncontroverted testimony regarding the reasonableness and necessity of the fees, that it is entitled
to the $5,000 fee amount as a matter of law. 

 The allowance of attorney's fees rests within the sound discretion of the trial court
and will not be reversed without a showing of an abuse of that discretion. Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 881 (Tex. 1990). Reversal for an abuse of
discretion is justified only when the trial court's decision was arbitrary and unreasonable. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 233, 236 (Tex. 1991); Simon v. New York Crane
& Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987). 

 In this instance both parties brought breach of contract claims, both sides prevailed
on some of their claims, and both parties sought their attorney's fees. We conclude that the trial
court did not abuse its discretion by ordering each party to bear responsibility for its own
attorney's fees through trial. We overrule appellant's first point of error.



CONCLUSION


 We affirm the trial court's judgment.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 14, 1996

Do Not Publish
1. No attempt to limit the scope of an appeal shall be effective unless the severable
portion of the judgment from which the appeal is taken is designated in a notice served
on all other parties to the trial court's final judgment within fifteen days after judgment
is signed, or if a motion for new trial is filed by any party, within seventy-five days
after the judgment is signed. 


Tex. R. App. P. 40(a)(4). 
2.   The trial court ordered that the prevailing party on appeal be awarded $2,500, the
prevailing party on a writ of error to the Supreme Court of Texas be awarded $1,500, and if
oral argument before the Supreme Court of Texas is requested that it be awarded $1,500.