Carol COLLINS, Appellant,

v.

RYON'S SADDLE & RANCH SUPPLIES, INC., Appellee.

No. 18048.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 25, 1979.

Foster & Garrett and John B. Foster, Arlington, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Sam J. Day, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

Carol Collins has appealed a judgment granting a temporary injunction against her and in favor of Ryon's Saddle & Ranch Supplies, Inc.

We affirm.

Collins, who worked for Ryon from December 3, 1976 to January 17, 1978, as a designer of custom made western wear, left Ryon to work for Dickson-Jenkins, a competitor of Ryon. Ryon sued Dickson-Jenkins and Collins for unfair trade practices, conspiracy, violation of fiduciary duties and wrongful appropriation. After a temporary injunction hearing before the trial court, the court granted the temporary injunction prayed for by Ryon as to Collins but denied as to Dickson-Jenkins. This injunction pro-

hibited Collins from soliciting or contacting directly or indirectly all persons who placed orders with Ryon during Collins' term of employment.

Ryon's complaint is that Collins created for herself a file of customers' orders which had their addresses, detailed measurements and other details; that she took these Xeroxed order copies with her to Dickson-Jenkins for contact and sale purposes.

Collins admitted to taking 69 such order copies to use in contacting Ryon's customers and did, in fact, contact some. Patricia Wheeler, a worker who left with Collins to work for Dickson-Jenkins, testified that Collins had a stack of such orders of three or four times as many as 69. Elizabeth Penwright, a visitor at Dickson-Jenkins, testified to seeing five or six times as many as 69.

Wheeler testified also that when she went to work at Dickson-Jenkins, under Collins' supervision, she used the Ryon orders to contact Ryon customers to persuade them to order from Dickson-Jenkins. Some Ryon customers placed orders with Dickson-Jenkins through Collins.

Collins, in her four points of error, avers that trial court abused its discretion in that: Point I, Collins is no longer employed by Ryon; Point II, the injunction issued exceeds the scope of findings of the court since no customer lists or orders were in evidence other than the 69; Point III, because there is no evidence that the customer orders and lists were trade secrets; and Point IV, because there was no showing that claimed past acts of contacting customers would recur.

We overrule all four of Collins' points of error.

When no findings of fact or conclusions of law are filed, as here, we must consider the facts in the light most favorable to upholding the order of the trial court. *International Union of Operating Engineers v. Cox*, 148 Tex. 42, 219 S.W.2d 787 (1949). There being no clear abuse of discretion shown in this case, its order must stand. *Arrow Chemical Corporation v. An-*

*derson*, 386 S.W.2d 309 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.). Even though no written contract is involved, an employee cannot use confidential information or trade secrets acquired while working for her former employer. *Johnston v. American Speedreading Academy, Inc.*, 526 S.W.2d 163 (Tex.Civ.App.—Dallas 1975, no writ); *Welex Jet Services, Inc. v. Owen*, 325 S.W.2d 856 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n. r. e.).

"Trade secret" as defined in 4 Restatement of Torts § 757 (1939):

"b. Definition of trade secret. A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, *or a list of customers. . . .*" (Emphasis Added.) *Hyde Corporation v. Huffines*, 158 Tex. 566, 314 S.W.2d 763, 776 (1958).

The information contained in the customer orders does give Ryon an advantage over competitors. Trial court had ample cause to grant the temporary injunction. There was testimony to indicate Collins used her position of confidence at Ryon's to abuse same by pirating Ryon's files with the obvious intent to use it to her advantage.

On the basis of the testimony, trial court was authorized to conclude that a continuation of the use of such information was probable. This, even though Collins had indicated an intention to refrain. *Alamo Title Company v. San Antonio Bar Association*, 360 S.W.2d 814 (Tex.Civ.App.—Waco 1962, writ ref'd n. r. e.).

Since there is evidence of three to four times and five or six times as many orders (by two witnesses) in Collins' hands, in addition to the 69 orders exhibited in evidence, the trial court was within its discretion in enjoining Collins as to all customers during her period of employment with Ryon. This would be to insure that Collins could not

benefit from breach of the confidential relationship. *Elcor Chemical Corporation v. Agri-Sul, Inc.*, 494 S.W.2d 204 (Tex.Civ.App. —Dallas 1973, writ ref'd n. r. e.).

We hold Collins is sufficiently apprised by trial court's order and that it is not so broad as to amount to such a denial of her rights as to cause an improper imposition upon her.

Affirmed.