J. C. ANDERSON, Appellant,

v.

Michael Gene ANDERSON and Sheri Jean Anderson, Appellees.

No. 17968.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 25, 1981.

Rehearing Granted June 25, 1981.

Robert L. Joseph, William G. Burnett, Sinton, for appellant.

William H. Scott, Jr., Taylor Moore, Browne & Moore, Houston, for appellees.

Before COLEMAN, C. J., and SMITH and PEDEN, JJ.

On Motion for Rehearing

SMITH, Justice.

The opinion filed on May 28, 1981, is withdrawn and the following opinion is substituted.

This is a suit to set aside two change of beneficiary designations executed by Wesley Gene Anderson, deceased, and to determine the ownership of the proceeds of a $1,500 check written by the deceased. The trial court, based on jury findings, set aside the beneficiary designations and awarded the proceeds of the check to the deceased's estate.

In April, 1975, Wesley Gene Anderson, a single man, was informed he had terminal lung cancer. He forthwith had a will prepared in which a trust was created for the benefit of his minor children, and almost simultaneously executed change of beneficiary designations to have his group life insurance and other company benefits made payable to his estate to fund the bequests made in his will. During this same month he gave his step-brother, J. C. Anderson, a check in the sum of $1,500 with instructions, on the face of the check, to "Keep Until Needed." The check was deposited in the brother's account two days later.

In December, 1975, Mr. Wesley Anderson had a seizure and lapsed into a coma, and when he was taken to the hospital, it was determined the cancer had spread to his brain and spine. In January of 1976, he executed a general power of attorney to J. C. Anderson. He was released from the hospital on February 8, 1976, and moved into his step-mother's home where his step-mother and his step-brother, J. C. Anderson, lived. On February 14, 1976, he executed a change of beneficiary designation making J. C. Anderson the beneficiary of a $44,000 group life insurance policy. This left no insurance payable to his estate. On February 21, 1976, he executed another will. The most material change in the will altered the wording of the trust funding from "all life insurance policies on my life" to "all insurance policies on my life payable to my estate."

On April 19, 1976, another change of beneficiary designation was executed leaving his primary life insurance beneficiary, J. C. Anderson, unchanged, but changing the contingent beneficiary from his estate to his step-mother, Florence Anderson. This same designation changed the beneficiaries of his savings plan to his step-brother and step-mother. Wesley Gene Anderson died on May 14, 1976.

The appellant's first six points of error alleged there is no evidence to support the jury's answers to issues inquiring about the

execution of the change of beneficiary designations dated February 14, and April 19. The issues were submitted in sets of three and in each instance the jury found that: (1) appellant completed the change of beneficiary designations contrary to the instructions of the deceased in a material factor,[1] (2) that appellant knew the designations were completed contrary to the instructions of the deceased, and (3) that the deceased was not aware that the designations had been completed contrary to his instructions in a material factor.

■ In reviewing no evidence points we view the record in the light most favorable to the judgment, considering only the evidence and reasonable inferences which tend to support the judgment and disregarding all evidence that would tend to vitiate it.

■ The appellees' case was based on circumstantial evidence, and circumstantial evidence is sufficient if on the basis of probabilities it establishes the existence of the ultimate fact. *Athens Canning Co. v. Ballard*, 365 S.W.2d 369, 371 (Tex.Civ.App. —Houston 1963, no writ); *Kirby Petroleum Company v. Jones*, 427 S.W.2d 681 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

■ The evidence reflects the deceased had an open and unabashed love for his children which he proclaimed to all until his death; that the appellant was no closer to the deceased than the other brothers in the family, prior to the deceased's illness; that the deceased was extremely ill and at times had impaired vision prior to the two changes of beneficiary designations being signed; that the appellant presented the two change of beneficiary designations to the deceased when no other persons were present and did not divulge such actions to any of the family or friends until his brother was dead; that even after the deceased had executed the change of beneficiary designations his state of mind was that he had provided for his children; that the appellant had a will prepared for the deceased which made changes concerning insurance meaningless as there was no insurance payable to the deceased's estate at the time the will was signed; that the appellant knew there was no insurance payable to the estate and did not divulge this information to the attorney who was preparing the will; and, that the results of the changes in the beneficiary designations were to make the appellant and the step-mother the beneficiaries of the deceased's estate and to leave his children's trust fund unfunded.

The jury could reasonably infer that the deceased signed the two changes of beneficiary designations but because of poor health and impaired vision could not see what was on them and trusted the appellant to complete the designations for him; and further could infer that the appellant completed the designations contrary to the deceased's instructions thereby making appellant the beneficiary of his insurance instead of his children. Considering the relationship of all the parties, the specific acts of the appellant and the cumulative effect of his actions, we hold that there is evidence to support the jury's answers to the issues.

Appellant's first six points of error are overruled.

The appellant asserts in his points of error seven through ten that the trial court erred in failing to inquire on special issues two and three whether appellant breached the confidential relationship, if any, with respect to the completion of the beneficiary designations dated February 14 and April 19 and that without such submission the finding of a confidential relationship constitutes no independent ground of recovery to support a judgment. We agree with appellant on all four of these points of error. The mere finding of a confidential relationship between the parties without a finding of a breach of that relationship will not support an independent ground for recovery.

1. The trial court defined "material factor" as follows:

    "The term 'material factor,' as used in this charge, is one that the knowledge of which or the ignorance of which would naturally influence Wesley Gene Anderson in signing or not signing the document in question."

■■ Appellant timely made his objections to the confidential relationship issues being submitted without submitting issues pertaining to the breach of such confidentiality. The trial court erred in not sustaining the objection. It is well settled that a favorable jury finding on some elements of a cause of action or defense are of no effect when some issues are omitted and proper complaint is made by the opposing party. *Freedom Homes of Texas, Inc. v. Dickinson*, 598 S.W.2d 714 (Tex.Civ.App.—Corpus Christi 1980, no writ).

The appellant's last point of error asserts there was no evidence to support the jury finding that the $1,500 check was not a gift of money. The evidence on this point is meager. The check had the notation of its face "Keep Until Needed." It was handed to appellant when the deceased first discovered he had cancer. Appellant stated he wanted to give it back when he saw what it was, but the deceased asked him to keep it. The appellant deposited it to his personal account two days later. The appellant gave no explanation of how the funds were spent.

■■ We first note that the burden of proof was misplaced in the issue. The burden of proof of a gift *inter vivos* is on the party claiming the gift was made. However, the appellees made no objection to the issue and assumed the burden of proof, and we are of the opinion that they met such burden. The appellees established that the appellant had a confidential relationship with the deceased, and once such a relationship has been established a presumption arises that a gift is unfair or invalid. *Texas Bank and Trust company v. Moore*, 595 S.W.2d 502 (Tex.1980). The appellant offered no proof to overcome this presumption other than that he thought it was a gift, and the jury could have inferred from the notation on the check that the check was not a gift.

The appellant's eleventh point of error is overruled.

Appellees allege in their two cross-points that the trial court erred in failing to award exemplary damages as found by the jury, and the appellant contends in three reply points that the trial court's action should be sustained because: (1) there is no evidence of liability on appellant's part, (2) exemplary damages cannot survive Wesley's death, and (3) there was no pleading to support an award of exemplary damages to Corpus Christi National Bank. The appellant further contends that the appellate court has no jurisdiction over the issue of exemplary damages because it is not part of the judgment appealed from in the appellant's limited appeal.

■■ Appellant limited his appeal to paragraphs 8, 10 and 11 of the trial court's judgment. These paragraphs did not pertain to exemplary damages. The appellees did not perfect appeal but raised the issue of exemplary damages by cross-points of error. Rule 353, Texas Rules of Civil Procedure provides for limited appeals. The record reflects that appellant's limited appeal met the filing, notice and time requirements of that Rule, and appellees do not contend otherwise. The purpose of Rule 353 notice requirements is to insure that the appellee will have notice of appellant's intention to limit the scope of his appeal, so that appellee may perfect his appeal on severable portions of the judgment with which he is dissatisfied. *Johnson v. Downing and Wooten Construction company, et al*, 480 S.W.2d 254 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ). The appellees, not having perfected an appeal on that portion of the judgment with which they were dissatisfied, are precluded from going beyond the scope of limited appeal and may not raise by cross-points subject matter that was not included in the limited appeal of the appellant. *Great Eastern Life Insurance Company v. Jones, et ux*, 526 S.W.2d 268 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.).

This court does not have jurisdiction to consider exemplary damages where such subject matter was not included in the limited appeal by appellant.

Appellees' cross-points are overruled and appellant's reply point that this court does not have jurisdiction over non-appealed matter is sustained.

Appellant's motion for a rehearing is granted.

The judgment of the trial court is affirmed, and costs of appeal are charged to the appellant.