**SAFEGUARD BUSINESS SYSTEMS, INC., Appellant,**

v.

**Gerald L. SCHAFFER, Individually and d/b/a Schaffer & Associates, Appellee.**

**No. 05–91–00514–CV.**

Court of Appeals of Texas, Dallas.

Oct. 11, 1991.

Alan S. Loewinsohn, Dallas and Paula J. Marency, Chicago, Ill., for appellant.

Jonathan G. Vinson, Dallas, for appellee.

Before WHITHAM, LAGARDE, and OVARD, JJ.

## OPINION

WHITHAM, Justice.

In this permanent injunction case, the appellant-manufacturer, Safeguard Business Systems, Inc., presents a limited appeal from the trial court's judgment against the appellee-distributor, Gerald L. Schaffer, individually and d/b/a Schaffer & Associates. The principal issue is whether a manufacturer must place its customer list into the public record in order to enforce its distributor's covenant not to compete. The trial court found that the covenant not to compete was valid and binding and that, unless Schaffer was enjoined, Safeguard Business would suffer irreparable harm. Despite these findings, the trial court refused to enforce in its entirety Schaffer's contractual pledge not to disclose Safeguard Business's confidential information or divert Safeguard Business's goodwill by soliciting Safeguard Business's customers for a two-year period after Schaffer's termination because Safeguard Business did not place its entire customer list into the public record. We conclude that the trial court erroneously refused to award Safeguard Business the full injunctive relief it sought. Accordingly, we modify the trial court's permanent injunction, and, as modified, we affirm.

We deal with this contractual provision:
10. *NON–DISCLOSURE OF CONFIDENTIAL INFORMATION AND NON–COMPETITION:* In consideration of Safeguard appointing you as a Safeguard Distributor, you agree that during the time this Agreement is in effect and thereafter, you will not disclose to any person, firm, or corporation any confidential information given to you by Safeguard, including customer lists, methods of doing business, sales volume figures, and other similar information. Also, for a period of two (2) years after this Agreement is terminated or after you assign your rights, you will not sell or attempt to sell to any customers or persons who were contacted by you for the purpose of their becoming a Safeguard customer, services, products, or supplies competitive with products, services, or supplies furnished by Safeguard.
If you violate the above agreements, you acknowledge that the remedy at law for your violation cannot be compensated only by money damages. Safeguard will be entitled to temporary and permanent equitable relief to prohibit you from continuing to violate your agreement even if no money damages can be proven.

We point out that, contrary to Schaffer's contentions, this provision does not refer to an "Attachment B." Instead, a separate contractual provision pertaining to exclusive customers has a reference to an "Attachment B":
3. *EXCLUSIVE CUSTOMERS:* You shall have the exclusive right to the commissions generated on sales of Systems

to the customers listed on Attachment B. This exclusive right to commissions will apply on all new and repeat sales of Systems to these customers until this Agreement is terminated (see paragraph 7 and 9). [sic].

Hence, contrary to Schaffer's argument and to the trial court's implied finding, paragraph 10 contains no requirement for a "customer list." Indeed, a contractual provision dealing with exclusive customers has no relationship to the noncompete provision in the present case.

Following the close of argument, the trial court dictated these findings and orders into the record:

> The Court finds the following to be the facts of this case. [Safeguard Business] and [Schaffer] entered into agreements, as of October 1, 1979 and May 27, 1980, that contained noncompete clauses. The Court further finds that there was no customer list attached to the agreement at the time of execution.
>
> The Court finds that Valley Ranch Dental Associates was a customer of [Safeguard Business], and the Court finds that there is no evidence as to who the other former customers of [Schaffer] and, therefore, of Safeguard [Business] in the 23–county area were.
>
> The Court concludes as a matter of law that the noncompete agreement is valid and binding as to [Schaffer], and that [Safeguard Business] would suffer an immediate and irreparable injury as to sales if [Schaffer] were permitted to continue. The Court concludes, as a matter of law, that there is no adequate remedy of law for [Safeguard Business], and that the issuance of an injunction is not inequitable.[1]
>
> The Court, therefore, grants the petition that injunction issue as follows: That [Schaffer] will return to [Safeguard Business], within 10 days of the date of the order, all documents of any type or description, whatsoever, that were either provided to [Schaffer] by Safeguard [Business], or that bear the name of Safeguard [Business], or its logo, or the name of any customer imprint[ed] together with the Safeguard [Business] name or logo.
>
> The Court further orders that [Schaffer] erase in its entirety such computer data base as he may maintain in his computer pertaining to customers of Safeguard [Business] prior to the date of his discharge; that is to say, specifically anyone to whom he sold items on behalf of Safeguard [Business] during the term of his employment with Safeguard [Business]; and that he will surrender the post office box and any mail that is sent to this box within 10 days, and any mail subsequently sent to that box is to be forwarded to Safeguard [Business] within 48 hours; and that the telephone number be surrendered within 10 days as well; and that the transfer of these documents take place at 2121 San Jacinto, Suite 1000, Dallas, Texas 75201 anytime between the hours of 9 a.m. and 5 p.m., 10 days from the date of the order.
>
> The Court further orders that [Schaffer] is enjoined from contacting, or soliciting, or in any way doing business with Valley Ranch Dental Associates for the period remaining under the terms of the noncompete agreement, which would be two years from the date of the termination, as the evidence reflects herein.

Although the uncontroverted evidence was that Schaffer personally had solicited and obtained purchases from 1800 active customers in the course of his Safeguard Business distributorship, the trial court found that an injunction could restrict Schaffer from soliciting only *one* of those 1800: the one who was identified *by name* at trial (Valley Ranch Dental Associates). Thus, the trial court refused to prohibit the solicitation of any unnamed customers even though the trial court had agreed during trial with counsel for Safeguard Business

---

1. Certainly, we read the trial court's findings of fact and conclusions of law to establish that Safeguard Business met all of its proof burdens and proved the facts necessary for the relief sought pursuant to Texas Business and Commerce Code Annotated §§ 15.50 and 15.51 (Vernon Supp.1991).

that the names were irrelevant to the issues before the trial court.

■ As to the trial court's findings of fact and conclusions of law, we begin by emphasizing that Schaffer does not challenge any of the trial court's findings of fact and conclusions of law. Indeed, Schaffer advanced no cross-points and perfected no cross-appeal. Moreover, we point out that the present case is a limited appeal. Less than fifteen days after the trial court's judgment was signed, Safeguard Business filed and served a notice of limitation of appeal pursuant to rule 40(a)(4) of the Texas Rules of Appellate Procedure. Safeguard Business challenges the trial court's judgment only insofar as it denied the full injunctive relief sought by Safeguard Business. In disposing of this appeal, we note that Schaffer ignores the fact that he neither filed nor perfected a cross-appeal. Thus, we conclude that Schaffer impermissibly seeks to challenge the trial court's findings of a valid, binding nonsolicitation covenant, irreparable injury to Safeguard Business, and the lack of any inequity in holding Schaffer to the contract he signed. In this connection, we advise the reader that Schaffer insists that we affirm the trial court's permanent injunction entered against him. Schaffer does not seek reversal of all or any part of the trial court's grant of injunctive relief against him.

Therefore, in disposing of this appeal, we decline to be misled by Schaffer's appellate tactics. Schaffer briefs and argues his first two reply points together. By doing so, Schaffer, under his second reply point, seeks our review of issues resolved against him by the trial court. For example, Schaffer complains, among other things, that the agreements he executed and renewed over a ten-year period were invalid (reflecting no meeting of the minds, and signed under duress); that enforcement of the nonsolicitation covenant would violate public policy and prevent Schaffer from practicing his livelihood; and that Safeguard Business came before the trial court with "unclean hands," allegedly by treating other distributors more favorably than Schaffer. We conclude that, because of Safeguard Business's rule 40(a)(4) notice of limitation, and Schaffer's failure to perfect a cross-appeal, these issues are not before us. *See Donwerth v. Preston II Chrysler–Dodge, Inc.,* 775 S.W.2d 634, 640 (Tex.1989). By its plain language, rule 40(a)(4) provides the sole means by which an appellee's complaints on appeal can be restricted. *See Donwerth,* 775 S.W.2d at 638. Safeguard Business's use of rule 40(a)(4) has made operative that restriction in the present case. Where, as in the present case, an appellant limits his appeal pursuant to rule 40(a)(4), an appellee may complain by cross-point in his brief in the court of appeals of any error in the trial court as between appellant and appellee only by perfecting an independent appeal. *See Donwerth,* 775 S.W.2d at 639. We repeat. In the present case, Schaffer advanced no cross-point and perfected no independent appeal. Therefore, we dispose of the sole issue presented: whether Safeguard Business was required to introduce the names of the customers into evidence. We conclude that Safeguard Business was not required to do so in order to obtain the permanent injunction enjoining Schaffer sought by Safeguard Business.

Therefore, we reach the principal question raised in Safeguard Business's first two points of error in which Safeguard Business contends that the trial court erred as a matter of law in failing permanently to enjoin Schaffer from soliciting *all* the customers Schaffer serviced for Safeguard Business. (We emphasize *all;* not just the evidentiary named Valley Ranch Dental Associates, named in the trial court's permanent injunction.) In light of the trial court's orders, quoted above, we deem it strange that the trial court would limit its permanent injunction to solicitation of but the one customer, Valley Dental Associates, but nevertheless, have also ordered Schaffer to:

(a) "return to [Safeguard Business] ... all documents ... that bear ... the name of any customer imprint[ed] together with the Safeguard [Business] name or logo;"

(b) "erase in its entirety such computer data base, as he may maintain in his computer, pertaining to customers of Safeguard [Business] prior to the date of his discharge; that is to say, specifically anyone to whom he sold items on behalf of Safeguard [Business] during the term of his employment with Safeguard [Business];"

(c) "surrender the post office box and any mail that is sent to this box within 10 days, and any mail subsequently sent to that box is to be forwarded to Safeguard [Business] within 48 hours;"

(d) "[surrender] the telephone number within 10 days as well; and that the transfer of these documents take place at 2121 San Jacinto, Suite 1000, Dallas, Texas 75201 anytime between the hours of 9 a.m. and 5 p.m., 10 days from the date of the order."

It blinks reality to say that the trial court should not have enjoined Schaffer from solicitation of all the customers he serviced for Safeguard Business when Schaffer, by the trial court's orders, was so hampered in his access to the customers as illustrated above.

■ In reviewing the ruling of a trial court on a permanent injunction, we are not bound by the test of whether or not the trial court abused its discretion. As an appellate court in equity, we must review the contract in question together with all of the evidence to ascertain whether or not the ruling of the trial judge was correct as in any other appellate review. *Electronic Data Systems Corp. v. Powell*, 524 S.W.2d 393, 395 (Tex.Civ.App.–Dallas 1975, writ ref'd n.r.e.). The trial court's construction of restrictive covenants and its determination of the proper remedy for breach of such covenants are matters of law for our decision. *Powell*, 524 S.W.2d at 395–96. Therefore, this court can broaden a permanent injunction granted by the trial court to give effect to the contract between the parties. *See Powell*, 524 S.W.2d at 396.

■ In the present case, even though the trial court found that the covenant not to compete was valid and binding and that, unless Schaffer was enjoined, Safeguard

Business would suffer irreparable harm, the trial court failed to enjoin Schaffer from soliciting all but one of the 1800 customers he had serviced for Safeguard Business. The sole reason given by the trial court for its decision to enjoin Schaffer's contact with only one customer was that only one customer *name* was admitted into evidence. The trial court's refusal to provide complete relief arose from an apparent belief that the trial court could not enjoin Schaffer from contacting the customers he personally serviced for Safeguard Business unless Safeguard Business's confidential customer lists were placed in the public record and incorporated into an injunction issued by the trial court. We disagree with the trial court's reasoning. To the contrary, we conclude that evidence of confidential customer names was neither required by law nor appropriate in support of Safeguard Business's prayer for full injunctive relief.

Orders generally restraining solicitation of customers and not specifically listing the individual customers have not been found to be overbroad. *Bertotti v. C.E. Shepherd Co., Inc.*, 752 S.W.2d 648, 656 (Tex. App.–Houston [14th Dist.] 1988, no writ) (citing *Powell*). Earlier this court explained the reason why customer lists and names need not be specifically proved in evidence or stated in the permanent injunction. *See Cottingham v. Engler*, 178 S.W.2d 148, 151 (Tex.Civ.App.–Dallas 1944, no writ). Where secret customer information was one of the main assets sought to be protected, the trial court would defeat that purpose by requiring the public disclosure of such information. *See Cottingham*, 178 S.W.2d at 151. Indeed, we do not think it unreasonable to assume that he who is sought to be enjoined is sufficiently familiar with the employer's business and its customers to avoid violating the injunction. *See Cottingham*, 178 S.W.2d at 151. Moreover, even when the names of some customers are in evidence, the trial court may enjoin as to all customers. *See Collins v. Ryon's Saddle & Ranch Supplies, Inc.*, 576 S.W.2d 914, 915 (Tex.Civ.App.–Fort Worth 1979, no writ). This would be

to insure that the former employee could not benefit from breach of the confidential relationship. *Collins,* 576 S.W.2d at 915–16.

In sum, we conclude that this appeal presents the former distributor Schaffer's impermissible challenge to the trial court's findings of a valid, binding nonsolicitation covenant, irreparable injury to Safeguard Business, and the absence of any inequity in holding Schaffer to the contractual obligations he signed. However, Schaffer must be treated as accepting these trial court findings because he "prays that this court affirm the judgment of the trial court in *all* respects as amply supported by the law and facts in this case." Therefore, we deem it unnecessary to address issues necessarily conceded by Schaffer as requiring the issuance of a permanent injunction to protect Safeguard Business. For the above reasons, therefore, we conclude that we must first modify the trial court's judgment. Hence, we sustain Safeguard Business's first two points of error, and we modify the trial court's final judgment by adding thereto the following language:

> ORDERED, ADJUDGED, AND DECREED that defendant, Gerald L. Schaffer, individually and d/b/a Schaffer & Associates, and all persons acting in concert with him, is restrained for the contractually-specified period of two years from, directly or indirectly, selling or attempting to sell competitive products to any and all Safeguard Business Systems, Inc. customers serviced by defendant.[2]

In light of our disposition of Safeguard Business's first two points of error, we need not address Safeguard Business's third point of error contending, in the alternative, that the trial court erred in refusing to permit Safeguard Business to reopen the evidence the day after the evidence was closed to submit the customer list under seal.

As modified, we affirm the trial court's judgment.

---

[2]. This language represents our best efforts to construct from its original brief, reply brief, and oral argument the relief sought on appeal by Safeguard Business. When we are called on to render judgment in cases in which we must write the language affording the relief sought such as injunctive or declaratory, we suggest that the appellant actually structure for us the exact language sought by way of appellate relief.