**Timothy C. CASEY, Appellant,**

v.

**Elonic M. CASEY, Appellee.**

**No. 14–96–01043–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 7, 1997.

Rehearing Overruled Oct. 30, 1997.

Mary E. Van Orman, Houston, for appellant.

Leta J. Womack, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Pending before the court is Appellant's Motion to Dismiss Limited Appeal pursuant to Rule 59(a)(1)(B) of the Texas Rules of Appellate Procedure. We grant the motion to dismiss.

On August 30, 1995, appellant, Timothy C. Casey, filed a petition for divorce from appellee, Elonic M. Casey. A new statute providing for spousal maintenance in limited circumstances became effective two days later, on September 1, 1995. TEX. FAM. CODE ANN. § 3.9602 (Vernon Supp.1997). Seeking spousal maintenance, appellee filed a coun-

ter-petition for divorce on October 20, 1995. On May 29, 1996, citing to section 3.9602 of the Texas Family Code, the trial court entered the Final Decree of Divorce, in which appellee was awarded spousal maintenance in the amount of $1,000.00 per month until May 20, 1997, and $500.00 monthly until May 20, 1998. On August 12, 1996, pursuant to Rule 40(a)(4) of the Texas Rules of Appellate Procedure, appellant timely perfected and served notice of this limited appeal to the portion of the judgment awarding spousal maintenance. Appellant raises two points of error on appeal. In his first point of error, appellant claims the trial court abused its discretion by ordering him to pay post-divorce alimony because the trial court had no authority to award alimony in a divorce proceeding initiated before September 1, 1995. Alternatively, in his second point of error, appellant claims the trial court abused its discretion by ordering him to pay more than twenty percent of his monthly income in post-divorce alimony. See TEX. FAM. CODE ANN. § 3.9606.

On September 24, 1996, after appellant had failed to make alimony payments, the trial court ordered appellant held in contempt in Harris County Jail for ninety days and thereafter until he paid $2,000.00 in spousal maintenance. Appellant posted bond and filed a writ of habeas corpus which this court granted on January 30, 1997. *Ex parte Casey*, 944 S.W.2d 18 (Tex.App.—Houston [14th Dist.] 1997). We observed that because the divorce decree was filed before the effective date of section 3.9602, there is no authority, statutory or otherwise, to support the award of spousal maintenance to appellee. Therefore, we held the provisions of the divorce decree awarding spousal maintenance are void.

Appellant now moves to dismiss his limited appeal on the basis the issues raised in his appeal were rendered moot by our ruling in the habeas corpus action. Rule 59(a)(1)(B) provides for the voluntary dismissal of an appeal on the following conditions:

> On motion of appellant to dismiss the appeal or affirm the judgment appealed from, with notice to all other parties; provided, that no other party shall be prevented

from seeking any appellate relief it would otherwise be entitled to.

In her response to the motion to dismiss, appellee states that she intends to file cross-points addressing the relief she is entitled to in lieu of post-divorce maintenance, in line with the trial court's intention. In light of this court's ruling in the habeas corpus action, appellee argues the trial court should have the opportunity to revise the property division.

 Under Texas law, "[i]t is not necessary to perfect two separate and distinct appeals, unless the judgment of the trial court is definitely severable, and appellant strictly limits the scope of his appeal to a severable portion." *Donwerth v. Preston II Chrysler–Dodge, Inc.,* 775 S.W.2d 634, 639 (Tex.1989). The purpose of the Rule 40(a)(4) notice requirement is to insure that the appellee has notice of appellant's intention to limit his appeal, so that the appellee may perfect her own appeal on severable portions of the judgment about which she complains. *Id.; Kwik Wash Laundries, Inc. v. McIntyre,* 840 S.W.2d 739, 742 (Tex.App.—Austin 1992, no writ); *Anderson v. Anderson,* 618 S.W.2d 927, 930 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ dism'd as moot).

Appellant restricted his appeal to the portion of the decree awarding spousal maintenance. Appellee did not perfect her own appeal; instead, she raises three cross-points on appeal: (1) the trial court improperly characterized appellee's portion of the property division as alimony; (2) the trial court abused its discretion in denying appellee's motion to modify final decree of divorce because the decree did not properly reflect the ruling of the trial court; and (3) in light of this court's ruling in the habeas corpus proceeding, this case should be remanded to the trial court in the interest of justice.

Appellee has not perfected her appeal on those issues about which she complains; therefore, she is precluded from raising additional points of error on appeal. *Anderson,* 618 S.W.2d at 930. Thus, we are without jurisdiction to hear appellee's cross-points. *See, e.g., Safeguard Business Sys., Inc. v. Schaffer,* 822 S.W.2d 640, 643 (Tex.App.—Dallas 1991, no writ); *Penick v. Penick,* 750 S.W.2d 247, 250 (Tex.App.—Houston [14th Dist.] ), *rev'd on other grounds,* 783 S.W.2d 194 (Tex.1988); *Baptist Memorial Hosp. Sys. v. Bashara,* 685 S.W.2d 352, 354 (Tex. App.—San Antonio 1984), *aff'd,* 685 S.W.2d 307 (Tex.1985); *Anderson,* 618 S.W.2d at 930. Because appellee is precluded from bringing her own points of error on appeal, dismissal of this limited appeal is proper. *See* TEX. R. APP. P. 59(a)(1)(B).

Accordingly, we dismiss this limited appeal.