## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 20-20068

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2020

Lyle W. Cayce
Clerk

DONALD CALHOUN,

Plaintiff - Appellee

v.

JACK DOHENY COMPANIES, INCORPORATED,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, GRAVES, and DUNCAN, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This interlocutory appeal arises from the denial of a preliminary injunction, which Jack Doheny Companies (JDC) sought against its former employee, Donald Calhoun, for breach of a non-compete agreement. Although the district court found the agreement likely to be overbroad and unenforceable under Texas law, it declined to preliminarily reform the agreement into one with reasonable terms pursuant to the Texas Covenants Not to Compete Act, holding that the record was not yet developed enough for such reformation to be appropriate. In short, the district court denied the motion for a preliminary injunction in all its parts and with no concessions.

No. 20-20068

We hold that the district court, after acknowledging the agreement to be overbroad, erred in declining to adjudicate reformation of the agreement.  As we shall show, it should have considered reformation of the agreement in the process of deciding the preliminary injunction motion.  We therefore vacate and remand to the district court to allow relevant evidence and argument from the parties concerning reformation.  The district court should then decide what reformation, if any, would be reasonable under Texas law, and proceed to adjudicate the preliminary injunction motion in the light of its findings on reformation.

## I.

Jack Doheny Company (JDC) sells, rents, and repairs "industrial utility vehicles" like garbage trucks and street sweepers.  Donald Calhoun worked for JDC in a sales position in Texas from 2010 to 2019.  During the course of his employment, Calhoun signed a contract labelled "Employee Confidentiality and Non-Competition Agreement."   Part of that agreement stated that Calhoun "shall not perform, in North America, service for, become engaged by, or aid, assist, own, operate or have any financial interest in a company that is in the [industrial utility vehicle business]" for two years after leaving JDC.

Soon after Calhoun left JDC, he began working for Custom Truck One Source (Custom Truck).  JDC discovered that Calhoun was working for Custom Truck when an email to Calhoun from a potential customer was inadvertently sent to Calhoun's old JDC email address instead of his new Custom Truck address.

After this discovery, JDC sent Calhoun a cease-and-desist letter requesting that he "refrain from competing with [JDC] per the terms of the Non-Competition Agreement."  Calhoun then sued JDC in Texas state court,

2

No. 20-20068

seeking a declaratory judgment that the non-compete agreement is unenforceable for overbreadth.[1]

JDC removed the case to federal court and filed a counterclaim alleging breach of the employment agreement. JDC asked the court to enjoin Calhoun from employment with Custom Truck for two years and to enjoin him from "soliciting, servicing, or contacting JDC's customers and leads[.]"

In September 2019, JDC moved for a preliminary injunction. The district court held a hearing on the motion, but rather than allowing the parties to call and cross-examine witnesses, the court instead told counsel for both parties "I'll let you guys just tell me what your witnesses, if they were called, would testify to," which they did. Because of this approach, JDC was, among other impairments to the presentation of its case, unable to elicit testimony from Calhoun that JDC hoped would establish that Calhoun had been first to reach out to—*i.e.* to solicit—the customer who sent the misdirected email.

After a recess, the court denied the preliminary injunction in an oral ruling from the bench, finding that although the agreement was likely to be found unenforceable for overbreadth at final judgment, it was not reformable at this stage of the proceedings. At JDC's request, a written order denying the preliminary injunction followed, from which JDC took this interlocutory appeal.

## II.

We "review a preliminary injunction for abuse of discretion, reviewing findings of fact for clear error and conclusions of law de novo." *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 537 (5th Cir. 2013). "A preliminary

---

[1] Calhoun's violation of the non-compete agreement *as it is written* is not in dispute, as it requires Calhoun to refrain from working in any capacity for any competitor of JDC. Calhoun's defense rests instead on the alleged overbreadth and unenforceability of that agreement.

injunction is an 'extraordinary remedy' that should be granted only if the movant establishes," among other things, "a substantial likelihood of success on the merits[.]" *Id.* at 536–37.

We begin with the district court's holding that the agreement as written was likely to be found overbroad at final judgment. Both parties agree that Texas law applies. In Texas, "[c]ovenants that place limits on former employees' professional mobility or restrict their solicitation of the former employers' customers and employees are restraints on trade and are governed by the [Covenants Not to Compete] Act." *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 768 (Tex. 2011).

The Act provides that

> a covenant not to compete is enforceable . . . to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

Tex. Bus. & Com. Code § 15.50(a).

As our court has previously noted, "[u]nder Texas law, covenants not to compete that extend to clients with whom the employee had no dealings during her employment or amount to industry-wide exclusions are overbroad and unreasonable." *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 211–12 (5th Cir. 2018) (brackets and quotation marks omitted). For that reason, the district court was correct to find that JDC is unlikely to prove the agreement enforceable as written and therefore not entitled to a preliminary injunction enforcing the terms of the agreement.

## III.

We next address whether, having found the agreement likely overbroad, the district court, at this preliminary stage, should have tentatively reformed

the agreement and, in its preliminary injunction analysis, considered that reformation.

The Texas Covenants Not to Compete Act states that if a non-compete covenant is found to be unreasonably overbroad, "the court shall reform the covenant to the extent necessary to cause" the covenant to be reasonable. Tex. Bus. & Com. Code § 15.51(c). But in its order denying a preliminary injunction, the district court held that, solely because the record was inadequate, the agreement could not "be reformed at present into a simple ban on solicitation of JDC customers." In support of this finding, the court said reformation "will not be possible until, at a minimum, the Court knows exactly what Calhoun did [with respect to customer contact] and which JDC clients Calhoun dealt with while he worked at JDC."

In the light of Texas authority, the district court erred. Although the court obviously would have needed to know what Calhoun did to violate a reformed non-solicitation agreement in order to enter any injunction, it could have taken evidence that the parties were apparently ready to offer. Furthermore, the district court did not need a complete list of Calhoun's former customers because "customer lists and names need not be specifically proved in evidence or stated in the permanent injunction." *Safeguard Bus. Sys., Inc. v. Schaffer*, 822 S.W.2d 640, 644 (Tex. App.—Dallas 1991, no writ*).* A court may simply reform an agreement into one "generally restraining solicitation of customers and not specifically listing the individual customers[.]" *Bertotti v. C.E. Shepherd Co., Inc.*, 752 S.W.2d 648, 656 (Tex. App.—Houston [14th Dist.] 1988, no writ). It can be assumed that Calhoun "is sufficiently familiar with [JDC's] business and its customers to avoid violating" a generally worded covenant. *Schaffer*, 822 S.W.2d at 644.

Moreover, we should point out that the preliminary injunction inquiry requires the court to determine the likelihood of final success on the merits.

No. 20-20068

This determination would necessitate an examination of Texas law. If the agreement at issue is overbroad, then final adjudication on the merits—per Texas law—will clearly involve reformation. *See* Tex. Bus. & Com. Code § 15.51(c). That is to say, to determine the likelihood of success of JDC's claim requires an examination of Texas law, which would have shown that success could only be achieved through reformation. This conclusion would lead to Texas authority that strongly suggests, if not requires, reformation of an agreement at the preliminary injunction stage. *See Tranter, Inc. v. Liss*, No. 02-13-00167-CV, 2014 WL 1257278, at *7 (Tex. App.—Fort Worth Mar. 27, 2014, no pet.) (finding that although a noncompete agreement was overbroad, the employer had "established a probable right to recovery" because of the likelihood that the agreement could be "reformed to contain reasonable limitations").

Of course, Calhoun does not accept this reasoning, as he is perfectly happy to operate without the restrictions of an injunction. In addition to the reason stated by the district court for declining to reform the agreement, Calhoun adds two more arguments on appeal. First, Calhoun asserts that reformation "is a remedy to be granted at a final hearing, whether on the merits or by summary judgment, not as interim relief." This argument runs against the clear majority practice of Texas courts, which have on many occasions reformed contracts for the purposes of granting interim relief. The Texas case that has most thoroughly considered the question has rejected the argument Calhoun makes here, finding that reformation "is not only a final remedy" and may be made "as an incident to the granting of injunctive relief." *Liss*, 2014 WL 1257278, at *10 (quoting *Weatherford Oil Tool Co. v. Campbell*, 340 S.W.2d 950, 952–953 (Tex. 1960)). Second, Calhoun argues that reforming the agreement into a narrower prohibition would require the court "to pen an entirely new clause," violating the Texas rule of contract law that "courts

No. 20-20068

interpreting unambiguous contracts are confined to the four corners of the document." This argument is off point because we are concerned here with a question of contract *reformation*, not contract interpretation.[2]

In sum, we hold that the district court, in considering JDC's motion for a preliminary injunction, should have decided whether and what reformation terms were most likely to make the agreement enforceable under Texas law.[3]

## IV.

Because the district court should have undertaken the reformation of the agreement, we will remand to allow the district court to do so. On remand, the district court should receive evidence and argument, in such manner as it sees proper, but specifically addressing reformation that would "cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee[.]"[4] Tex. Bus. & Com. Code § 15.51(c). And finally, with this

---

[2] To be sure, this case is controlled, not by the common law of contracts, but instead by statutory law, the Texas Covenants Not to Compete Act, which not only permits reformation of covenants not to compete, but suggests that, in appropriate cases, it is indeed required. *See* Tex. Bus. & Com. Code § 15.51(c). Applying that act, Texas courts have entirely re-written the text of covenants when reforming them, such as when a Texas court of appeal reformed a contract requiring a newspaper employee "not to engage in any facet of the publishing business" into one only preventing the employee "from soliciting advertising to those concerns which advertised" in newspapers he had worked for. *Webb v. Hartman Newspapers, Inc.*, 793 S.W.2d 302, 303–05 (Tex. App.—Houston [14th Dist.] 1990, no writ).

[3] We stress, of course, that no decision at the preliminary injunction stage is final, which of course means that both this opinion and any reformation at this stage of the proceedings are tentative, awaiting final consideration when the court considers a permanent injunction. *See, e.g.*, *Accruent, LLC v. Short*, No. 1:17–CV–858–RP, 2018 WL 297614, at *7 (W.D. Tex. Jan. 4, 2018) (noting that a reformation at the preliminary injunction stage is made only "[p]ending dispositive motions or a trial on the merits"); *McKissock, LLC v. Martin*, 267 F. Supp. 3d 841, 857–58 (W.D. Tex 2016) (same).

[4] To guide this inquiry, we observe that the Texas Supreme Court has explained that "[t]he fundamental legitimate business interest that may be protected by such covenants is in preventing employees or departing partners from using the business contacts and rapport established during the relationship of representing the [former] firm to take the firm's customers with him." *Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381, 387 (Tex. 1991).

No. 20-20068

evidence presented, the district court will find it necessary then to again address the familiar four-part test for a preliminary injunction, this time using the preliminarily reformed agreement as a factor for the analysis.

V.

In this opinion, we have held that the district court correctly found that the non-compete agreement at issue is likely to be overbroad. We have further held that the district court erred, however, in declining to preliminarily consider the reformation of the agreement. Finally, we have held that the case should be remanded so that the district court may adjudicate the reformation of the agreement, and then re-evaluate the motion for a preliminary injunction.[5]  The judgment of the district court is therefore reversed and vacated, and the case is remanded for further proceedings not inconsistent with this opinion.[6]

REVERSED, VACATED, and REMANDED.

---

[5] We recognize that, if the parties have assembled all the evidence they think necessary to their case during the pendency of this appeal, the district court may, in its discretion, find that it is more efficient to pretermit addressing the preliminary injunction and move directly to the permanent injunction, which of course would moot some of what we have said.

[6] Judge Graves concurs in the judgment only.